## Elsie R. Sanford v. Edwin K. Dimes et al.
### (2611)

Dupont, C.P.J., Hull and Borden, Js.

Argued February 5—decision released April 30, 1985

*Christopher C. Burdett,* for the appellant (plaintiff).

*James F. Kenney,* with whom, on the brief, was *Bruce E. Hawley,* for the appellees (defendants).

Dupont, C.P.J. This appeal stems from an action to quiet and settle title. The trial court found that record title was in the defendants, and that the plaintiff had acquired a prescriptive easement over a driveway located on the disputed land. The plaintiff claims that the trial court erred (1) in concluding that the plaintiff

had acquired an easement by prescription[1] rather than title by adverse possession,[2] (2) in determining the particular property in which the plaintiff had an interest and (3) in failing to allow inquiry into what others had told her about using the driveway.

Although the plaintiff's complaint contains the requisite allegations for adverse possession as the cause of action, it contains no allegations which give rise to a cause of action for a prescriptive easement. The purpose of a complaint is to limit the issues and to apprise the defendant of the cause of action claimed. A judgment granting a prescriptive easement where none was sought and where no pleading raised any issue other than whether the plaintiff had acquired title by adverse possession cannot survive appeal. *Francis* v. *Hollauer,* 1 Conn. App. 693, 475 A.2d 326 (1984).

The cause of action of title by adverse possession and of the acquisition of an easement by prescription are two different causes of action. The former requires proof of exclusive possession, whereas the latter does not. Furthermore, the burden of proof required is different. Title by adverse possession must be established by clear and positive proof. *Clark* v. *Drska,* 1 Conn. App. 481, 489, 473 A.2d 325 (1984). An easement by adverse use need only be established by a preponderance of the evidence. *Reynolds* v. *Soffer,* 190 Conn. 184, 188, 459 A.2d 1027 (1983).

---

[1] "To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. General Statutes § 47-37; *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 515, 227 A.2d 83 [1967]." *Wadsworth Realty Co.* v. *Sundberg,* 165 Conn. 457, 463, 338 A.2d 470 (1973).

[2] "The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner." *Whitney* v. *Turmel,* 180 Conn. 147, 148, 429 A.2d 826 (1980).

A review of the transcript reveals that the trial of this case was chiefly concerned with the competing claims of the parties to record title. There was a dearth of evidence on the claim of adverse possession, it being solely provided by the testimony of the plaintiff and a surveyor. The plaintiff testified that the driveway was located in the same place when the property was purchased as it was at the time of trial, and that she and her family used the driveway exclusively. The surveyor, a witness for the defendants, testified that on several occasions he turned his car around in the driveway.

From this evidence, the trial court concluded that the plaintiff's use had been adverse, open, continuous and uninterrupted for fifteen years, and under a claim of right. It further concluded that the plaintiff had failed to prove ouster of the defendants or their predecessors in title, and therefore held that the plaintiff had obtained an easement by prescription rather than title by adverse possession. These findings are contained in a supplemental memorandum of decision. Previously, the trial court had made oral findings of fact which included a finding that the plaintiff had exclusively used the driveway continuously for more than fifteen years. Whether the trial court reversed its prior factual finding of exclusive use is unclear. Ordinarily, the plaintiff's failure to move pursuant to Practice Book § 3082 for an articulation on this point would foreclose appellate review of the plaintiff's first claim of error. *In re Juvenile Appeal (85–1),* 3 Conn. App. 158, 161, 485 A.2d 1355 (1985). In this case, however, the nonconformity of the pleadings to the proof, allows review of that claim. On the basis of the pleadings in this case, the question is not whether the trial court erred in concluding that a prescriptive easement had been obtained by the plaintiff, but whether it erred it concluding that the

plaintiff had not acquired title by adverse possession. See *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 390, 488 A.2d 444 (1985).

The trial court, in its supplemental memorandum, referred to the plaintiff's testimony on exclusive use. Although it is the rare case where testimony supporting a fact cannot be reasonably disbelieved, this case presents such an instance. *Swenson* v. *Dittner,* 183 Conn. 289, 293, 439 A.2d 334 (1981). The court accepted all the other testimony of the plaintiff relating to her claim of adverse use of the property, and the testimony concerning exclusive use was consistent with the other testimony relied on by the trial court. The trial court could not disregard this testimony. *Fidelity & Casualty Co.* v. *Constitution National Bank,* 167 Conn. 478, 489, 356 A.2d 117 (1975); cf. *Barrila* v. *Blake,* 190 Conn. 631, 639, 461 A.2d 1375 (1983). The mere act of turning around in the driveway is a sporadic act and could not defeat the exclusive possession claim. *Roche* v. *Fairfield,* 186 Conn. 490, 502–503, 442 A.2d 911 (1982).

If it is assumed that the trial court reversed its finding of exclusive use, that reversal is clearly erroneous since the only evidence adduced at trial supported the contrary finding. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980).

Ordinarily, a case such as this would be remanded to the trial court with direction to render judgment for the plaintiff. Such a result is inappropriate here. This trial was muddied by the fact that the trial court, and the defendant, believed that there existed the legal option of concluding that the plaintiff had acquired a prescriptive use. The theory on which the plaintiff pleaded and tried her case was title by adverse possession, rather than easement by prescription. After both sides rested, the trial court heard closing argument dur-

ing which the defendants conceded that the plaintiff had an easement by prescription and that the complaint raised the issue of adverse possession. The defendants, however, contended that the evidence adduced at trial only established an easement by prescription. Counsel for the defendants could not, in closing argument, interject a new theory of the case into the proceedings to the plaintiff's detriment.

The burden of proof required for a prescriptive easement is a fair preponderance of the evidence. *Reynolds* v. *Soffer,* supra. It is impossible to know whether the plaintiff's evidence would satisfy the higher burden of proof, that of clear and positive proof, if the issue had been correctly perceived to be a question of title by adverse possession. *Kavarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 297, 478 A.2d 257 (1984). Whether the plaintiff's evidence equals that standard of proof is a question for the trier of fact and not an appellate court. *Clark* v. *Drska,* supra, 484–85.[3]

The defendants conceded in the trial court that the plaintiff had acquired an easement by prescription over a driveway located on the defendants' land. There is, therefore, no necessity to try that issue. Nor is there any necessity to retry the finding of the trial court that the defendants have record title to the land in dispute. A new trial is necessary, limited to a determination of whether the plaintiff acquired title to the driveway by adverse possession. At the very least, she has an easement by prescription over it, and is entitled to the benefit of the defendants' concession that such is the case.

---

[3] In light of our ruling, it is unnecessary to review the plaintiff's claim that the overwhelming weight of the evidence supported her view of the dimensions of the property involved rather than the dimensions advocated by the defendants and adopted by the trial court or the claimed error regarding the scope of the direct examination of the plaintiff.

There is error, the judgment is set aside inpart and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.