INES D. RUSSO ET AL. v. CATHERINE TEREK
(4041)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued March 11—decision released May 6, 1986

*Hanon W. Russell,* for the appellants (plaintiffs).

*Ralph L. Palmesi,* for the appellee (defendant).

SPALLONE, J. The plaintiffs are appealing from the judgment of the trial court rendered on a factfinder's report. The plaintiffs own real estate located directly behind land owned by the defendant, Catherine Terek. The only access to the plaintiffs' land is by means of an express right of way, twelve feet in width, running west to east along the southerly boundary of the defendant's land.

In 1927, Frank D'Elia, who at that time was the sole owner of the properties now owned by the plaintiffs and the defendant, conveyed by warranty deed the property presently owned by the defendant and retained the property presently owned by the plaintiffs. The deed reserved a right of way in favor of the parcel retained by Frank D'Elia. The reservation read in part that the grantor was "[r]eserving however unto myself, my heirs and assigns a right of way Twelve (12) feet in width abutting the southerly boundary line for the passage of pedestrians and vehicles of all kinds to and from certain property . . . which easements shall be perpetual and appurtenant." Through a series of deeds, the last one dated May 5, 1978, the defendant became the sole owner of the parcel subject to the easement. Each deed contained the same reservation of easement. The plaintiffs acquired their parcels upon the distribution of the estate of Frank D'Elia on August 24, 1983.

In 1951, a predecessor in title to the defendant constructed on the easement an outdoor fireplace, which was six feet high and eight feet wide. The fireplace effectively blocks any passage by a motor vehicle, and thereby limits the use of the right of way to foot passage only. Since 1956, the defendant has continuously used the fireplace for seasonal outdoor cooking.

In the late 1950's, the defendant and her husband, Albert Terek, cultivated a garden and planted shrub-

bery, trees and a series of lilac bushes on the right of way east of the fireplace. This made the passage of motor vehicles impossible and pedestrian traffic very difficult.

The plaintiffs brought this action in three counts. The first sought injunctive relief to prevent the defendant from interfering with the plaintiffs' right of way, the second claimed a prescriptive use of a right of way on other land of the defendant, and the third claimed an easement by necessity. The defendant counterclaimed seeking judgment that the plaintiffs' easement was extinguished by prescriptive use.

The matter was referred to a factfinder who, after a full hearing, filed his finding of facts and memorandum of decision in which he found that the plaintiffs' express right to use the right of way by motor vehicle had been extinguished and refused to find that the plaintiffs had acquired any right of way by prescription or necessity.

The trial court accepted the report of the factfinder and, after overruling the plaintiffs' objection to the factfinder's memorandum of decision and finding of facts, granted the defendant's motion for judgment. The judgment rendered was that the defendant's right to maintain the fireplace on the plaintiffs' right of way was established by prescription, that the plaintiffs' right to pass by motor vehicle over the right of way was extinguished, that the plaintiffs' right of way was limited to pedestrian use only, passing to the south of the fireplace, and that the plaintiffs had the right to remove any vegetation that impeded their passage by foot over the right of way.

On appeal, the plaintiffs have claimed as error the conclusions of the factfinder (1) that the plaintiffs' right of passage and repassage of motor vehicles over the full length of the right of way was extinguished, (2) that

the plaintiffs had not acquired a prescriptive right to park motor vehicles on the right of way, and (3) that the plaintiffs had not acquired a prescriptive right to pass on foot on other land of the defendant situated to the north of the fireplace. We disagree.

An express reservation of easement may be lost by prescription. " '[I]f the servient owner [the defendant here] should by adverse acts lasting through the prescriptive period obstruct the dominant owner's [the plaintiffs here] enjoyment, intending to deprive him of the easement, he may by prescription acquire the right to use his own land free from the easement.' "[1] *American Brass Co.* v. *Serra,* 104 Conn. 139, 146, 132 A. 565 (1926); *Schroeder* v. *Taylor,* 104 Conn. 596, 605, 134 A. 63 (1926); 28 C.J.S., Easements §§ 53, 63; 2 Thompson, Real Property § 445. Such is clearly the case here, where the factfinder concluded that the right of passage and repassage by motor vehicle, although expressly reserved in the easement, was nevertheless extinguished by the adverse acts of the defendant for the required period of time.

The trial court accepted the factual findings contained in the factfinder's report and thereby adopted them as its own. The factfinder found expressly that the defendant's use of the fireplace located on the right of way was "open, hostile, visible, notorious, adverse, uninterrupted and [was a] continuous act by the defendant and her predecessors, acting under claim of right, as regards plaintiffs' right of way, and effectively blocked the possibility of vehicular travel from Main Street to plaintiffs' parcel for the prescription period (15 years)

---

[1] "An obstruction by the servient estate . . . to which the owner of the easement does not consent will not extinguish the [owner's] right, unless the obstruction is of such character and is continued for such time as to work an extinguishment by adverse possession. . . . " (Footnote omitted.) 28 C.J.S., Easements § 53. See, e.g., *Kelly* v. *Ivler,* 187 Conn. 31, 450 A.2d 817 (1982).

before institution of suit." See General Statutes § 47-37; *Reynolds* v. *Soffer,* 190 Conn. 184, 187, 459 A.2d 1027 (1983); *Kaiko* v. *Dolinger,* 184 Conn. 509, 510, 440 A.2d 198 (1981); *Francis* v. *Hollauer,* 1 Conn. App. 693, 695, 475 A.2d 326 (1984).

The factfinder concluded further that the level of adverse activity on the defendant's land, i.e., parking on the easement and walking on the defendant's land to the north of the fireplace, did not rise to that describable as "notorious, uninterrupted and continuous." He found that "on a few occasions" since the erection of the fireplace the plaintiffs drove as far as the fireplace, and presumably parked there and then proceeded on foot to their own land, and that "on occasions" they passed to the left of the fireplace and stepped on the defendant's land. The fireplace was erected in 1951. Certainly, these "few occasions" cannot, in reason and logic, be construed as meeting the requirement of notorious, uninterrupted and continous acts over a period of fifteen years.

The factfinder's conclusions are fully supported by the evidence elicited at the trial. The use to which the parties put the easement was determined by the factfinder after a full hearing and was accepted by the court without change. The plaintiff is asking us to retry the case. We cannot and will not. On appeal, the function of this court is limited solely to the determination of whether or not the decision of the trial court was clearly erroneous. Practice Book § 3060D; *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Ram Roofing and Sheet Metal Co.* v. *A. B. C. Plumbing and Heating, Inc.,* 2 Conn. App. 54, 56, 475 A.2d 341 (1984). It is the province of the trial court to pass upon the credibility of the witnesses and the weight to be afforded the evidence. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976); *Essex Savings Bank* v. *Leeker,* 2

Conn. App. 98, 102, 476 A.2d 1071 (1984). This court cannot find facts nor draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found, thereby establishing that the trial court could reasonably conclude as it did. *Appliances* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Hallmark of Farmington* v. *Roy,* 1 Conn. App. 278, 280–81, 471 A.2d 651 (1984). We see no merit to any of the plaintiffs' claims of error.

There is no error.

In this opinion the other judges concurred.