## PUBLIC STORAGE, INC. *v.* ELIOT STREET LIMITED PARTNERSHIP ET AL.
### (7804)

BORDEN, DALY and NORCOTT, Js.

Argued November 7—decision released December 19, 1989

*John M. Claydon, Jr.,* with whom, on the brief, was *Thomas J. Ryan,* for the appellant (defendant Virginia McClinch).

*Lewis S. Lerman,* with whom, on the brief, was *William P. Yelenak,* for the appellee (plaintiff).

NORCOTT, J. The defendant Virginia McClinch appeals from the trial court's judgment concluding that the plaintiff's adverse use extinguished the defendants' easement over the plaintiff's property.

The facts are not in dispute. The plaintiff brought this action against sixteen defendants including McClinch, the sole appellant. The plaintiff sought to extinguish the defendants' easement across its property. The easement existed as of record since 1922. The plaintiff's predecessor in title had acquired the property in 1940, erected a building upon it and placed a six foot high chain link security fence around the building. The fence traversed and blocked the easement.

The plaintiff sought (1) an injunction restraining the defendants from removing the fence, and (2) a judgment determining the rights of the parties with respect to the easement.[1] From the trial court's decision against the defendants, only McClinch now appeals.

McClinch claims that the trial court erred (1) in finding that the erection of the chain link fence across the easement commenced the running of the prescriptive use period, (2) in failing to find that the specific intent to extinguish the easement was a necessary element of its cause of action, and (3) in failing to apply a "clear and convincing" evidence standard to this case. We find no error.

Regarding McClinch's first claim, we note that the question of whether the actions here were sufficient to constitute adverse use of the defendants' easement is a question of fact. *Robert S. Weiss & Co.* v. *Mullins,* 196 Conn. 614, 618, 495 A.2d 1006 (1985); *Lavin* v. *Scascitelli,* 172 Conn. 8, 9, 372 A.2d 127 (1976); *Ruggiero* v. *East Hartford,* 2 Conn. App. 89, 96, 477 A.2d 668 (1984). We will not disturb the trial court's findings unless "the subordinate facts found are legally or logically inconsistent with or are insufficient to support that conclusion." *Matto* v. *Dan Beard, Inc.,* 15

---

[1] McClinch's counterclaim, which alleged impairment of her use of the easement and which sought, inter alia, damages and a temporary restraining order, is not the subject of this appeal.

Conn. App. 458, 474, 546 A.2d 854, cert. denied, 209 Conn. 812, 550 A.2d 1082 (1988); see also *Russo* v. *Terek,* 7 Conn. App. 252, 257, 508 A.2d 788 (1986). Here, the trial court found, on the basis of the evidence before it, that the fence has been permanent, without the acquiescence of the defendants' predecessor, throughout the prescriptive period. See *Russo* v. *Terek,* supra (factual situation very similar to present case). We find no reason to disturb that finding.

McClinch's next claim of error is equally without merit. We first note that her claim that the trial court implicitly failed to find *specific intent* as an element of the extinguishing of an easement by adverse use is inconsistent with her concession that *part* of the easement was extinguished by the erection of the plaintiff's building.[2] McClinch makes this concession even though no evidence of a specific intent to extinquish the easement by erecting the building, other than the act itself, can be found in the record.

The elements necessary to establish the plaintiff's prescriptive rights are clear. " ' "[I]f the servient owner . . . should by adverse acts lasting through the prescriptive period obstruct the dominant owner's . . . enjoyment, intending to deprive him of the easement, he may by prescription acquire the right to use his own land free from the easement." ' " *Russo* v. *Terek,* supra, 255.

Citing *Russo,* McClinch argues that an explicit showing of *specific intent* is a necessary element of prescriptive use. *Russo,* however, does not support that contention. In *Russo,* the defendant property owner built an outdoor fireplace that blocked passage by a motor vehicle over the plaintiff's right-of-way, thereby

---

[2] In her brief, McClinch begins her argument as follows: "At the outset, the defendant concedes that the plaintiff has extinguished her rights in the subject easement to the extent that the plaintiff's building encroached upon the easement area so shown on the maps in evidence."

limiting its use to foot passage only. The defendant used this fireplace on a continuous basis. Several years later, the defendant planted a garden, shubbery, trees and lilac bushes on the rest of the right-of-way adjacent to the fireplace, making the passage of pedestrians almost impossible as well. Id., 253. The factfinder in that case found, and the trial court accepted, that the defendant had extinguished the plaintiff's right to use the right-of-way by his acts, which were adverse to the easement. Id., 254–55.

McClinch also places reliance upon *American Brass Co.* v. *Serra,* 104 Conn. 139, 132 A. 565 (1926). In *American Brass,* the defendant's predecessor in title and the agent of the plaintiff company shared the cost of erecting a fence across their boundary line. The plaintiffs then used a passageway from the defendant's property to the highway, and, after a period of time, it stopped. The issue in that case was whether the mere nonuse of an easement was enough to extinguish it. Id., 145. The *American Brass* court held that it was not, and stated that " '[i]n addition to the mere nonuser, there must be either *acts* on the part of the owner of the dominant tract, *showing an intent* to abandon permanently the use of the servient tract, or *acts* of the owner of the servient tract, *showing an intent* to obstruct the dominant owner's enjoyment of the easement.' " (Emphasis added.) Id., 146. We are not persuaded by McClinch's argument that intent as discussed in these cases is a factual, elemental intent, specific or otherwise, such as in the classical criminal context in which a specific intent is a necessary element of proving a particular crime. Hence, once the requirement of performing adverse acts for the prescribed period has been met, the "intent" to deprive the dominant owner of the use of the easement, as used in our cases, is necessarily implied from the servient owner's "open, visible, continuous and uninterrupted" use for a period

exceeding fifteen years. *Kaiko* v. *Dolinger,* 184 Conn. 509, 510, 440 A.2d 198 (1981); see also General Statutes § 47-37; *Reynolds* v. *Soffer,* 190 Conn. 184, 187, 459 A.2d 1027 (1983). It is not necessary that a claim of right be explicitly made when the adverse use is commenced. See *Reynolds* v. *Soffer,* supra, 188; see also *Robert S. Weiss & Co.* v. *Mullins,* supra, 619. Our conclusion in this case, based upon our reading of this Connecticut law, is consistent with the general law relating to the extinguishment of easements by prescriptive use. See 3 R. Powell, Real Property (1987) § 424, pp. 34–263 et seq.; 3 H. Tiffany, Real Property (3d Ed.) § 827, p. 396; E. Washburn, American Law of Easements and Servitudes (4th Ed. 1885) § 4, pp. 703–704.

Furthermore, in light of the requirements necessary to establish adverse possession, to decide otherwise in this case would lead to inconsistent judicial policy. In order to acquire title to the property of another by adverse possession, the essential elements that must be proven are that " 'the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner.' " *Roche* v. *Fairfield,* 186 Conn. 490, 498, 442 A.2d 911 (1982); see also *LaPre* v. *Nibo Films, Ltd.,* 10 Conn. App. 669, 671, 525 A.2d 140 (1987). "A mistaken belief by the adverse possessor that he owned the property when he entered into possession has been held to be immaterial in an action for title by adverse possession, as long as the other elements of adverse possession have been established." *Paletsky* v. *Paletsky,* 3 Conn. App. 587, 588, 490 A.2d 545 (1985). Clearly, then, specific intent to deprive the true owner of his property is not required. It would be illogical to require more, that is, a showing of specific intent, for the extinguishment of an easement by the owner over

his own property than that which is necessary to acquire title from another by adverse possession.

In the present case, the record clearly supports the trial court's finding that the action in erecting a fence across the easement was sufficient to commence the running of the period for prescriptive use. "[T]here is no presumption of permissive use to be overcome." *Reynolds* v. *Soffer,* supra, 188. Since all the other conditions for acquisition of prescriptive rights were met, the plaintiff was entitled to judgment.

McClinch's final claim, that the trial court applied the incorrect evidentiary standard to this case, must also fail.[3] The trial court, relying on our case of *Sanford* v. *Dimes,* 3 Conn. App. 639, 640, 491 A.2d 398 (1985) (addressing establishment of an easement by adverse use), found that "the plaintiff met the burden of establishing its acquisition of prescriptive rights by adverse use of the defendant's easement." The defendant argues that the present case deals with the claim that a record easement has been *extinguished,* not *established,* as was the case in *Sanford* v. *Dimes,* supra, and, therefore, the burden of proof must be the same as where title by adverse possession is established, that is, by clear and positive proof. Id. We disagree.

In *Sanford,* we repeated the rule of *Reynolds* v. *Soffer,* supra, that "[a]n easement by adverse use need only be established by a preponderance of the evidence." *Sanford* v. *Dimes,* supra. We find no logical reason to have different standards of proof for the

---

[3] The trial court did not specifically declare that it was applying the same standard of proof used in determining the establishment of an easement by adverse use to this case addressing the extinction of an easement by adverse use. It is clear from the court's memorandum of decision, however, that this was the standard applied, and logically so. We note that, with respect to this claim, the defendant did not move for articulation of the trial court's memorandum of decision pursuant to Practice Book § 4051.

*establishment* and *extinguishing* of easements by adverse use. In neither case is the acquisition of title to land at issue, a situation that logically calls for the higher "clear and positive proof" standard.[4] See id.

The court was correct in applying the preponderance of the evidence standard to the plaintiff's claim of extinguishment of the easement by prescriptive use. We find no error in the application of that standard of evidence.

There is no error.

In this opinion the other judges concurred.

[4] "An easement is a property right in a person or group of persons to use the land of another for a special purpose *not inconsistent with the general property right in the owner of the land.*" (Emphasis added.) J. Cribbet, Property Law (1962), p. 16.