[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the petitioner Barbara Swantek against respondent Perry Taylor to establish her right to a portion of the Taylor property by adverse possession or prescriptive easement.
In 1975 Barbara and Glenn[1] Swantek purchased an unimproved lot at 105 Hosford Street, Wallingford. At that time the adjacent property, 109 Hosford Street, was owned by John J. Woodin.
In 1987, the land was acquired by Fred Smithlock who conveyed to Perry Taylor in 1990. The Taylor property remains unimproved.
The Swantek property was very narrow, having only fifty feet of frontage. The Swanteks obtained a variance to place their home, which was thirty feet wide, within five feet of the property line on the side opposite the Taylor property. The Swanteks began using that portion of their property adjacent to the Taylor property for a driveway. The Swanteks' use of the driveway area encroached on the Taylor lot.
In 1993, Mr. Woodke was hired to pave the driveway. Mrs. Swantek was aware that the area she wanted paved was over her property line. When Mr. Woodke learned this he said she had to get permission from Mr. Taylor. Woodke called Taylor and was given permission to pave the driveway. Despite the fact that Mrs. Swantek denies any conversation with Mr. Woodke concerning permission from the Taylors, the court credits the unbiased testimony of Mr. Woodke.
Mr. Smithlock testified that he and his son came out to 109 Hosford Street in 1987 shortly after acquiring the property. They were looking for the corner markers. Mr. Swantek came out and had a conversation with him. At this time, the driveway had not been paved, but it was apparent that the Swanteks were using the area and that it encroached on the Smithlock property. There was also a basketball hoop in the driveway. Mr. Swantek inquired as to whether he would have to remove the hoop. Mr. Smithlock said he CT Page 2240 had no immediate plans and that the Swanteks could continue to use the area until he decided to use the property or sell it. Mr. Swantek asked if he could buy ten or twenty feet. Mr. Smithlock said it would be too expensive and that he was afraid it would render his property non-conforming. This conversation was verified by the testimony of Mr. Smithlock's son. During this conversation, Mr. Smithlock gave Mr. Swantek his home telephone number. Mr. Swantek later called him twice to discuss the problem of "dirt bikes" on the Smithlock property. Mr. Swantek denies these conversations took place. The court credits the testimony of the Smithlocks.
In 1990, when Mr. Smithlock sold to the Taylors, he told them he had given the Swanteks permission to use the driveway area. Later, Mr. Taylor spoke with Mr. Swantek and also said he had no problem with the Swanteks' use of the property so long as they understood they did not own it. Mr. Taylor verified the conversation with Mr. Woodke. He testified that he did give permission to widen the driveway, but had stated that he did intend to use the property "someday." He asked Mr. Woodke to give him the excavated dirt to sell.
Mrs. Taylor had a conversation with Mrs. Swantek around March 1990. Mrs. Swantek asked if the basketball hoop could remain, and Mrs. Taylor said that it could. Mrs. Swantek pointed out the hemlocks she had planted in the back yard and asked if they could remain. Mrs. Swantek testified that, over the years, her family had planted trees which encroached on the Taylor property, and that her children had played in this area. At one point, the Swanteks had stored wood on the Taylor property, and occasionally had picnics out back.
Sometime after the Taylor purchase, Mrs. Swantek began objecting to their planning and zoning applications for the use of the property. In 1996, Mr. Taylor confronted Mrs. Swantek and told her to cease trespassing. For the first time, Mrs. Swantek said it was her property. In the summer of 1997, Mrs. Swantek asked Mr. Taylor to sign a document legalizing her use of the property. He said she would have to get off the land. On August 15, 1997, Mr. Taylor had the portion of the driveway which was over the boundary ripped up and installed a fence on the property line.
THE CLAIM FOR ADVERSE POSSESSION
CT Page 2241
"In order to acquire title to the property of another by adverse possession, the essential elements that must be proven are that `. . . the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner.'" Public Storage v.Eliot Street Ltd. Partner, 20 Conn. App. 380 (1989),567 A.2d 389, citing Roche v. Fairfield, 186 Conn. 490, 498, 442 A.2d 911
(1982).
To establish a claim of adverse possession, the proof must not be "`. . . by inference, but by clear and positive proof.'Huntington v. Whaley, 156 Conn. 517, 516 [sic], 244 A.2d 385
(1968)." "`Clear and positive proof' embodies the same substantive standard as clear and convincing proof.' WildwoodAssociates. Ltd. v. Esposito, 211 Conn. 36, 42, 557 A.2d 1241
(1989)." Schultz v. Syvertsen, 219 Conn. 81, ___ A.2d ___ (1991).
The court finds that the weight of the credible evidence establishes by clear and convincing proof that the Swanteks' use of the property owned successively by Smithlock and Taylor was not "without license or consent of the owner" within the meaning of Roche, supra, and is, therefore, not adverse.
THE CLAIM FOR PRESCRIPTIVE EASEMENT
The burden of proof to establish an easement by prescription is a fair preponderance of the evidence. See Sanford v. Dimes,3 Conn. App. 639, 491 A.2d 398 (1985), citing Reynolds v. Soffer,190 Conn. 184, 188, 459 A.2d 1027 (1983). This burden is a lesser standard than that necessary to establish a claim for adverse possession. This is consistent with the fact that a valid claim for adverse possession results in the claimant's acquiring ownership of another's land, while a successful claim for an easement by prescription merely results in a limited use. The essential elements to establish either claim are similar.
 "`To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right.' Andrzejczyk v. Advo System, Inc., 146 Conn. 428, 431, 151 A.2d 881; General Statutes § 47-37. Use under a claim of right means `without recognition of the rights of the owner of the servient CT Page 2242 tenement.' Zavisza v. Hastings, 143 Conn. 40, 46, 118 A.2d 902; Aksomitas v. South End Realty Co., 136 Conn. 277, 281, 70 A.2d 552. `A use by express or implied permission or license cannot ripen into an easement by prescription.' Sachs v. Toquet, 121 Conn. 60, 66, 183 A. 22; Phillips v. Bonadies, 105 Conn. 722, 725, 136 A. 684. Where the use depends on authority from the owner, it involves a recognition of his right to terminate, which negates the adverse character of the use." Putnam, Coffin Burr, Inc. v. Halpern, 154 Conn. 507, 516, 227 A.2d 83 (1967) (citation omitted.)
Thus, it is clear that the permission for use given to the Swanteks by the successive owners defeats the claim, not only for adverse possession, but for the easement by prescription as well. Accordingly, the plaintiff's claim for injunction is hereby denied.[2]
Dunnell, J.