CHARLES D. MIERZEJEWSKI *v.* CRARY BROWNELL
(AC 26990)

Flynn, C. J., and DiPentima and Rogers, Js.

Argued January 16—officially released July 17, 2007

*William Howard* with whom was *David J. Tycz*, for the appellant (plaintiff).

*Scott W. Jezek*, for the appellee (defendant).

*Opinion*

FLYNN, C. J. The plaintiff, Charles D. Mierzejewski, appeals from the judgment of the trial court rendered in favor of the defendant, Crary Brownell, in this action seeking to extinguish the defendant's right-of-way over the plaintiff's property. On appeal, the plaintiff claims that the court improperly found that he had not proven the extinguishment of the right-of-way. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the issues on appeal. The parties are the owners of adjoining parcels of land in East Haddam that each abut Lake Bashan. The plaintiff is the owner of an improved parcel of land located at 133 Bashan Road. The defendant's parcel, which is located behind the plaintiff's parcel, is unimproved and

landlocked, except for a deeded right-of-way over the plaintiff's property.[1]

On October 8, 1958, Arthur Foreman and Lillian M. Foreman acquired approximately 13.2 acres of land from Constance Sauer Cuthbertson by warranty deed, which was recorded in volume 72, page 435, of the East Haddam land records.[2] On that same day, the Foremans subdivided the 13.2 acre parcel and conveyed 3.1 acres to Nathan Brownell and Crary Brownell by warranty deed, which was recorded in volume 72, page 436. This deed further described the parcel conveyed as "Parcel No. 1" on a map entitled, "Map showing property of Constance S. Cuthbertson," to which we hereinafter refer to as the Cuthbertson map.[3]

The Brownell parcel had no direct access to any public street. Therefore, the deed from the Foremans to the Brownells granted a right-of-way for the benefit of the Brownells and their heirs and assigns. The deed provided in relevant part: "Together with a right of way over an old highway that runs along land of William B. Robinson and continues through other land of the Grantors to a point opposite the boundary described as 72.1 feet of the granted premises where the right of way turns Southerly from said old highway[4] and enters

[1] It appears that the plaintiff's parcel does not have actual frontage on Bashan Road. The state owns the land that lies between the plaintiff's property and Bashan Road. The plaintiff, however, traverses the property owned by the state in order to access Bashan Road. The defendant, in turn, has to utilize the right-of-way over the plaintiff's property and then cross the property owned by the state in order to access the public road.

[2] All deed references to recordings in land refer to the land records of the town of East Haddam.

[3] The full title of the map is "Map showing property of Constance S. Cuthbertson, East Haddam, Connecticut, March 1950, Scale 1" = 50', Lawrence E. Gitchell, Registered Land surveyor as amended by a map showing dividing line certified by Carroll A. Campbell, Registered Land Surveyor and C. E., Middletown, Connecticut, October, 1958."

[4] The court also found that the "old highway" referred to in the deed was discontinued as a public highway in 1866.

upon the granted premises. Said right of way shall be [twenty] feet in width over its entire distance and shall be for any and all purposes in connection with the granted premises." Ultimately, the title passed to Helen Brownell, the defendant's mother, by quitclaim deed, dated April 6, 1983, and recorded in volume 174, pages 109–110. The defendant acquired the property in 1997, from his mother by a quitclaim deed, dated December 12, 1997, and recorded in volume 421, pages 108–109. All deeds in the defendant's chain of title contain a legal description of the property, together with a right-of-way.

The Foremans further subdivided their property, conveying additional portions. Specifically, on August 8, 1986, the Foremans conveyed what is now the plaintiff's property to Norbert Pomeranz by warranty deed, which was recorded in volume 217, pages 74–76. The Foreman to Pomeranz deed stated that the property was subject to "all easements and rights of way" shown on the Cuthbertson map. The court found that shortly after Pomeranz acquired 133 Bashan Road, he had a septic system installed, without obtaining proper municipal permits, under a portion of the Brownell right-of-way and covered it with fill, forming an elevated area. The court also found that the elevated area did not contain any indication that a septic tank was located beneath it, such as a pump, manhole cover or standpipe. Further, the court found that the surrounding land was wooded, sloping and uneven and that the area above the septic tank had trees and other vegetation growing on it.

Thereafter, in April, 1991, Pomeranz conveyed the parcel, subject to the right-of-way in favor of the Brownell property, to Ronald Swan and Karoline Swan by warranty deed, which was recorded in volume 301, pages 171–73. The plaintiff purchased the property from the Swans in 1994, and the warranty deed, recorded in volume 362, pages 271–72, specifically stated that the

property was subject to the right-of-way described in the Foreman to Brownell deed that was recorded in volume 72, page 436.

After the defendant informed the plaintiff of his intentions to clear the right-of-way in 2003, the plaintiff commenced this litigation, filing an amended two count complaint. In count one, the plaintiff claimed to have acquired title to the right-of-way from the defendant by adverse possession. In the second count, the plaintiff alleged, in the alternative, that he had acquired title to the use and enjoyment of the disputed area by prescriptive easement. The plaintiff requested a judgment establishing that he had acquired title to the right-of-way and determining the rights of the parties in and to the area and settling title thereto. The defendant subsequently filed an answer, five special defenses and a five count counterclaim, including easement by necessity, easement by estoppel, implied appurtenant easement, easement by prescription and right-of-way pursuant to General Statutes § 13a-55.

A trial to the court was held on May 18 and 19, 2005. On September 15, 2005, the court issued a memorandum of decision,[5] concluding that the plaintiff had not established the necessary elements of adverse possession or prescriptive easement so as to extinguish the defendant's right-of-way over the plaintiff's property.[6] The

[5] The court noted that the special defenses and counterclaim of the defendant "apparently have been filed in the alternative." The court then concluded that it did not need to address the defendant's special defenses and counterclaims, "[h]aving decided that the deeded right-of-way in question still exists and has not . . . been extinguished by the plaintiff . . . ." See *Lisieski* v. *Seidel*, 95 Conn. App. 696, 699, 899 A.2d 59 (2006).

[6] In its memorandum of decision, the court also found that the right-of-way was located on the plaintiff's property. In his brief, the plaintiff presents several issues in connection with a claim that the court improperly determined the *precise* location of the right-of-way.

A reading of the court's memorandum of decision, however, reveals that the court did not determine the exact location of the right-of-way. More specifically, the court did not decide whether the northern boundary of the right-of-way was a stone wall or was the centerline of the old highway.

plaintiff now appeals from the judgment of the trial court.

The plaintiff argues that the court improperly determined that he had failed to prove the extinguishment of the right-of-way. In support of this argument, the plaintiff presents two claims, namely, that the court improperly determined that he had not extinguished the right-of-way by (1) adverse possession or (2) prescription. For the reasons that follow, we disagree with both of his claims.

I

We first address the plaintiff's claim that the court improperly determined that he had not established an open and visible interference so as to extinguish the defendant's right-of-way by adverse possession. Subordinate to this claim, the plaintiff also argues that it was improper for the court to "[blend] together its consideration of the plaintiff's adverse possession claim and his prescription claim into one . . . determination"

---

Rather, the court merely concluded that the entire twenty-foot right-of-way, which "runs along the northern property line of [the plaintiff's property]," was located on the plaintiff's property. This finding, however, is not inconsistent with its conclusion that the plaintiff had failed to extinguish the right-of-way by prescription.

The court's conclusion that the plaintiff had not extinguished the right-of-way by prescription was not dependent on a determination of the exact location of the right-of-way. The court had before it evidence in the form of a survey from Swamp Yankee Survey, LLC, that was prepared by Douglas Bonoff, a licensed Connecticut land surveyor. This survey showed that the septic field covered a large area, namely, from the stone wall along the northern boundary of the old highway to a substantial portion of the old highway and then to a substantial portion of the plaintiff's land south of the old highway. As we iterate in part II, the entire septic area was wooded, sloping, uneven and unmarked on the surface by any manhole cover, standpipe or pump, and those attributes were common to the entire area it covered. Therefore, the court's disposition of the extinguishment claim would be the same, regardless of the exact location of the northern boundary. Accordingly, we conclude that the plaintiff's claim lacks merit and do not address it further.

because the two doctrines require that different legal elements be proven under different standards of proof. We disagree.

Although in its memorandum of decision the trial court stated that "[the plaintiff] has failed to prove either *adverse possession or a prescriptive easement*"; (emphasis added); our case law makes clear that a claim of extinguishment of a right-of-way properly is established through prescriptive use. See *Boccanfuso* v. *Conner*, 89 Conn. App. 260, 283, 873 A.2d 208, cert. denied, 275 Conn. 905, 882 A.2d 668 (2005); *Public Storage, Inc.* v. *Eliot Street Ltd. Partnership*, 20 Conn. App. 380, 385–86, 567 A.2d 389 (1989).

In *Boccanfuso* v. *Conner*, supra, 89 Conn. App. 283, this court acknowledged that "at times, litigants and the courts conflate the concepts and underlying elements of adverse use and adverse possession . . . ." The *Boccanfuso* court, however, went on to state that "it is clear that these are distinct doctrines and equally apparent that *the proper theory under which to establish the extinguishment of an easement is through adverse use by the servient estate holder.* See 2 Restatement (Third) Property, Servitudes § 7.7, comment (b) (2000) ('[a]dverse uses meeting the requirements of §§ 2.16 and 2.17 that unreasonably interfere with easements or violate covenants, if continued throughout the prescriptive period, extinguish the benefit of the servitude to the extent of the adverse use'); 5 Restatement (First) Property, Servitudes § 506 (1944) ('[a]n easement is extinguished by a use of the servient tenement by the possessor of it . . . provided (a) the use is adverse as to the owner of the easement and (b) the adverse use is, for the period of prescription, continuous and uninterrupted'); 4 R. Powell, supra, § 34.21 [1] ('The servient owner can extinguish an easement in whole or in part by adverse uses continued for the prescriptive period.

As in the case of the creation of an easement by prescription . . . the uses must be adverse, continuous, uninterrupted, and for the prescriptive period.').'' (Emphasis added.) *Boccanfuso* v. *Conner*, supra, 283.

In the present case, despite its use of the term "adverse possession," the court cited to case law applying the legal principles of prescription in determining whether the right-of-way had been extinguished. Guided by Connecticut case law and relevant legal principles, as well as the trial court's citation to case law concerning prescriptive use, we conclude that adverse possession is an inapplicable theory under which to analyze the plaintiff's claim of extinguishment. Accordingly, we review his claim of extinguishment under the doctrine of prescription in part II.

The plaintiff also contends that it is unclear from the trial court's memorandum of decision whether the court applied the proper standard of proof to his claim of extinguishment by prescription. In a footnote in its memorandum of decision, the court properly stated that "where the owner of a servient estate claims to have extinguished or diminished an easement . . . he need only satisfy the preponderance of the evidence standard . . . ." See *Public Storage, Inc.* v. *Eliot Street Ltd. Partnership*, supra, 20 Conn. App. 385–86 (holding that extinguishment of easement by adverse use established by preponderance of evidence). We therefore conclude that the court properly applied the preponderance of the evidence standard of proof in addressing the plaintiff's claim.

II

We next address the plaintiff's claim on appeal that the court improperly determined that he had failed to prove the extinguishment of the right-of-way by prescription. Specifically, the plaintiff disputes the findings

of the court that the septic mound[7] was not an open and visible obstruction and that it formed a "slightly elevated area."[8] We are not persuaded.

We begin our analysis of the claim by setting forth our standard of review and the applicable legal principles concerning the loss of a right-of-way by prescription. "[I]f the servient owner . . . should by adverse acts lasting through the prescriptive period obstruct the dominant owner's . . . enjoyment . . . he may by prescription acquire the right to use his own land free from the easement." (Internal quotation marks omitted.) *Russo* v. *Terek*, 7 Conn. App. 252, 255, 508 A.2d 788 (1986). A servient owner can extinguish an easement by prescription by demonstrating that the use of the property has been open, visible, continuous, uninterrupted and under a claim of right for a period exceeding fifteen years. *Boccanfuso* v. *Conner*, supra, 89 Conn. App. 296. The standard of proof required for the extinguishment of an easement by adverse use is that of a fair preponderance of the evidence. Id., 285; *Public*

---

[7] The plaintiff also argues that the court improperly failed to make findings regarding whether the iron pipe fence located at the end of the right-of-way served to extinguish the defendant's easement. In support of his argument, the plaintiff relies on *Public Storage, Inc.* v. *Eliot Street Ltd. Partnership*, supra, 20 Conn. App. 385, in which an easement was extinguished by prescriptive use after the servient owner constructed a fence across the right-of-way.

In that case, the fence was erected eighteen years *after* the easement was created by express grant. Id., 381. In contrast, evidence in the present case indicated that the fence existed at the time the right-of-way was granted in the Foreman to Brownell deed. The plaintiff cites to no case law to support the proposition that a fence erected *prior* to the creation of the right-of-way by express grant can extinguish a right-of-way, and, accordingly, we decline to so hold.

[8] The plaintiff also claims that the court based its decision on improper considerations. Specifically, he takes issue with statements in the court's memorandum of decision regarding the knowledge of the plaintiff and Pomeranz about the location of the right-of-way. Because those statements were irrelevant to the court's ultimate conclusion that the plaintiff failed to establish the open and visible requirement, we conclude that they are not critical to the outcome of the case and decline to review them further.

*Storage, Inc.* v. *Eliot Street Ltd. Partnership,* supra, 20 Conn. App. 385–86.

Whether an easement has been extinguished by the adverse acts of a servient owner primarily presents a question of fact for the trier. *Boccanfuso* v. *Conner,* supra, 89 Conn. App. 293; *Hoffman Fuel Co. of Danbury* v. *Elliott,* 68 Conn. App. 272, 275–76, 789 A.2d 1149, cert. denied, 260 Conn. 918, 797 A.2d 514 (2002). "When the factual basis of the court's decision is challenged, the reviewing court must determine whether the facts are supported by the evidence or whether they are clearly erroneous. . . . In such cases, the trier's determination of fact will be disturbed only in the clearest of circumstances, where its conclusion could not reasonably be reached." (Internal quotation marks omitted.) *Stefanoni* v. *Duncan,* 92 Conn. App. 172, 184, 883 A.2d 1271 (2005), rev'd in part on other grounds, 282 Conn. 686, 923 A.2d 737 (2007). "The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony. . . . The trier is free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) *Boccanfuso* v. *Conner,* supra, 292.

The plaintiff argues that because the septic mound rose eight feet above the bed of the old highway and covered the width of the right-of-way, as testified to by the plaintiff's expert witness, the court's finding that the plaintiff had not established the open and visible requirement is clearly erroneous. We do not agree.

Because "[t]he extinguishment of [a right-of-way] through adverse use of the servient tenement is determined by applying the principles that govern . . . the acquisition of [a right-of-way] by prescription"; 3 H.

Tiffany, Real Property (3d Ed. 1939) (2007 Sup.) § 827, p. 289; we look to case law concerning the procurement of a right-of-way by prescription when construing the open and visible requirement of a claim of extinguishment of a right-of-way by prescription. "The purpose of the open and visible requirement is to give 'the owner . . . knowledge and full opportunity to assert his own rights.' *Klein* v. *DeRosa,* 137 Conn. 586, 588–89, 79 A.2d 773 (1951). 'To satisfy this requirement, the adverse use must be made in such a way that a reasonably diligent owner would learn of its existence, nature, and extent. Open generally means that the use is not made in secret or stealthily. It may also mean that it is visible or apparent. . . . An openly visible and apparent use satisfies the requirement even if the neighbors have no actual knowledge of it. . . .' 1 Restatement (Third), Property, Servitudes § 2.17, p. 273 (2000). 'Concealed . . . usage cannot serve as the basis of a prescriptive claim because it does not put the landowner on notice.' J. Bruce & J. Ely, Jr., Easements and Licenses in Land (2001) § 5:12, pp. 5-36 through 5-37. A typical example of such a concealed use involves an asserted easement in an underground sewer or pipeline. Id., p. 5-37." *Waterbury* v. *Washington,* 260 Conn. 506, 577, 800 A.2d 1102 (2002). "An underground sewer or pipeline may be considered open and visible for the purpose of establishing a prescriptive easement, however, where it has a visible outlet onto the surface." *Stefanoni* v. *Duncan,* supra, 92 Conn. App. 185.

In the present case, the court did not find expressly that the septic tank was concealed, but its factual findings are tantamount to such a finding. In concluding that the septic tank was not an open and visible interference, the court found that "the area . . . contain[ed] no indicia that anything is underneath the ground and appear[ed] only as a slight elevation in the terrain which would not interfere with the use of the right-of-way any

more than any natural elevation would interfere." The court noted that the septic tank was under a portion of the right-of-way and also that it was covered by fill. Because the surrounding land was sloping and uneven, the court found that the mound created by the septic tank appeared to be an unimproved portion of the parcel. Additionally, the court found that trees and other vegetation had grown on the septic mound, adding to its unimproved nature. The court further found that the elevated area lacked any pump, manhole cover, standpipe or other evidence that would indicate the presence of a septic tank beneath it.

After a review of the entire transcript and all the exhibits in this case, we cannot conclude that the court's finding that the septic mound was not open and visible is clearly erroneous. The plaintiff's expert witness, a land surveyor, testified that the eastern side of the mound rose eight feet above the grade of the old highway bed. The witness, however, also acknowledged that the old highway bed itself continued to ascend beyond the crest of the septic mound, in the westerly direction. Therefore, the western side of the septic mound sloped at a lesser grade than the eastern side. A neighboring landowner also testified that from the entrance of the right-of-way and continuing past the portion of the right-of-way in which the septic mound was located, the land sloped upward.

Furthermore, photographs of the septic tank area did not show any visible outlet to the surface. The photographs, however, depicted the sloping character of the property, in general, and the more gradual sloping of the western side as compared to the eastern side of the septic mound. Because testimony, as well as photographs of the septic mound and the surrounding terrain, indicated that the parcel of land, including the right-of-way, was wooded and sloping, we conclude that the court's determination that the septic mound

was not open and visible is supported by the evidence and is not clearly erroneous. Accordingly, the plaintiff's claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.