******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THOMAS E. BENNETT *v.* PETER W.
BOWDITCH ET AL.
(AC 37243)

Beach, Alvord and Mullins, Js.

*Submitted on briefs October 9, 2015—officially released March 15, 2016*

(Appeal from Superior Court, judicial district of
Fairfield, Hon. Richard P. Gilardi, judge trial referee.)

*Thomas L. Kanasky, Jr.*, filed a brief for the appellants (defendants).

*Ann Marie Willinger* and *James A. Lenes* filed a brief
for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendants, Peter W. Bowditch and Wendy A. Bowditch, appeal from the judgment of the trial court rendered in favor of the plaintiff, Thomas Bennett. On appeal, the defendants claim that the court erred in finding that the plaintiff met his burden of proof as to (1) the elements of adverse possession of property, and (2) the extinguishment of their easement rights. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts as found by the trial court are relevant to this appeal. The plaintiff's father, Patrick Bennett, purchased property located at 112–114 Bennett Street in Bridgeport in 1963. He transferred title to the property to the plaintiff in 2006. Since 1995, the defendants have owned commercial property located at 2926–2930 Fairfield Avenue in Bridgeport, which is adjacent to the plaintiff's property.[1]

There are three areas of land at issue in this appeal, two distinct parcels of property and an easement over a different parcel of property. The defendants held title in fee to parcels one and two and also owned an easement in the form of a passway extending over the plaintiff's property. Parcel one was a rectangular area approximately ten feet wide and thirty feet long that was located in the rear of the plaintiff's property, between the plaintiff's property and the defendants' property. A chain-link and razor wire fence, which had been in place for decades, separated parcel one from the defendants' Fairfield Avenue property.[2] Parcel two was a triangular area running from the front of the plaintiff's house on Bennett Street at its apex to the rear of parcel one. The easement was an eight foot passway that extended across the plaintiff's property from Bennett Street to the rear of the property and was adjacent to parcels one and two. The passway rights benefited the defendants' property and initially were established in a 1916 deed. The plaintiff used parcel one as part of his driveway and as a parking area. He used parcel two as part of his driveway for access to the rear of his property. The defendants' passway rights extended over the remainder of the plaintiff's driveway and provided access from Bennett Street to parcels one and two.

For the entire period since purchasing the Bennett Street property in 1963, Patrick Bennett either had resided in the home or had rented it to relatives. He or the plaintiff had continuously maintained the property, as well as the three areas of land at issue. Patrick Bennett had paved parcels one and two with asphalt, along with the portion of the driveway that he owned in fee. The plaintiff later covered the asphalt with crushed stones to fill in holes. Either Patrick Bennett or the plaintiff had removed snow from the driveway and the

two parcels since 1963, and, at least since that time, the parcels had been used as part of the driveway for the plaintiff's property. The plaintiff installed a privacy fence along the chain-link fence separating parcel one from the rest of the defendants' Fairfield Avenue property. According to a longtime neighbor of the plaintiff, the chain-link fence had separated the defendants' Fairfield Avenue property from parcel one since at least the 1950s. Since Patrick Bennett purchased the Bennett Street property in 1963, the three areas in contention never had been used by anyone other than the plaintiff and members of his family.[3] There was no evidence that the defendants or their predecessors in title ever had used parcels one or two or the passway that was over the remainder of the plaintiff's driveway.

The plaintiff commenced this action against the defendants on August 23, 2011, to quiet title pursuant to General Statutes § 47-31[4] and to acquire the three areas by adverse possession pursuant to General Statutes § 52-575.[5] Following a trial to the court on June 19, 2014, the court rendered judgment in favor of the plaintiff as to all three areas of land. The court found that the plaintiff had proven by clear and convincing evidence that he had acquired title to parcels one and two by adverse possession and that the plaintiff's title to his land had thus become unencumbered by the defendant's easement. The court further found that title had vested in Patrick Bennett in 1978 because he had maintained actual, open, notorious, hostile, continuous, and exclusive possession of the property for the fifteen year statutory period, which began in 1963. This appeal followed.

We set forth the standard of review necessary for our resolution of this appeal. "[T]o establish title by adverse possession, the claimant must oust an owner of possession and keep such owner out without interruption for fifteen years by an open, visible and exclusive possession under a claim of right with the intent to use the property as his [or her] own and without the consent of the owner. . . . It is sufficient if there is an adverse possession continued uninterruptedly for fifteen years whether by one or more persons. . . . [T]he possession [however] must be connected and continuous. . . . The use is not exclusive if the adverse user merely shares dominion over the property with other users. . . .

"A finding of [a]dverse possession is not to be made out by inference, but by clear and positive proof. . . . [C]lear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly prob-

ably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. . . . The burden of proof is on the party claiming adverse possession. . . .

"Despite [this] exacting standard, our scope of review is limited. . . . Because adverse possession is a question of fact for the trier . . . the court's findings as to this claim are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . A trial court's findings in an adverse possession case, if supported by sufficient evidence, are binding on a reviewing court." (Citations omitted; internal quotation marks omitted.) *Skelly* v. *Brucher*, 134 Conn. App. 337, 340–41, 38 A.3d 261 (2012). With this standard in mind, we address each of the defendants' claims.

## I

We first discuss parcels one and two. The defendants argue that the plaintiff failed to prove all of the elements of adverse possession by clear and convincing evidence. Specifically, they argue that the plaintiff did not plead[6] that possession by the plaintiff and Patrick Bennett was without the consent, permission, or license of the owners of the property and that the plaintiff did not offer any proof as to that element. We are not persuaded that the court's finding of lack of consent was clearly erroneous. Rather, we conclude that there was sufficient evidence to support this finding.

In its memorandum of decision, the court found that "[t]he evidence clearly and convincingly established [that] since 1963, Patrick Bennett, predecessor in ownership, made improvements upon the three parcels without the consent of the defendants. He also used and occupied those three parcels without the permission or consent of the defendants." The court further found that "the evidence clearly and convincingly establishes [that the plaintiff has] established hostile occupancy of the parcels." Hostile occupancy implies lack of consent. See *Woodhouse* v. *McKee*, 90 Conn. App. 662, 672, 879 A.2d 486 (2005) ("[o]ur resolution of this appeal directs us to the element of hostility, that is the absence of consent"). "As a general proposition, to satisfy the hostility requirement of adverse possession, a claimant's possession of the disputed land, from its inception, must be without permission, license or consent of the owner and must continue to be so throughout the required fifteen year period." (Footnotes omitted.) *Mulle* v. *McCauley*, 102 Conn. App. 803, 813–14, 927 A.2d 921, cert. denied, 284 Conn. 907, 931 A.2d 265 (2007).

Our review of the record shows that there was evidence adduced at trial to support the court's finding that the plaintiff's use of parcels one and two was without the consent of the defendants or their predecessors in title. The plaintiff and his family repaired the driveway, removed snow, and landscaped the area continually since 1963. The evidence presented clearly showed that neither the defendants nor their predecessors in title had ever used or maintained either parcel one or parcel two since at least 1963. At all relevant times, access to the parcels from the defendants' property was blocked by a chain-link and/or wood fence. The plaintiff and his predecessor in title exercised dominion and control over parcels one and two in a manner consistent with ownership since Patrick Bennett bought the property in 1963.

We conclude that the plaintiff presented sufficient evidence at trial to allow the trial court to find by clear and convincing evidence that the plaintiff's use of parcels one and two was without the consent of the defendants. We will not disturb that finding on appeal.

II

We next turn to the trial court's conclusion that the easement was extinguished. The defendants claim that the trial court improperly found that the plaintiff had presented sufficient evidence to prove that their easement rights had been extinguished. We disagree. The easement in question was the eight foot passway over the plaintiff's property that runs adjacent to parcels one and two.

"[O]ur case law makes clear that a claim of extinguishment of a right-of-way properly is established through prescriptive use." *Mierzejewski* v. *Brownell*, 102 Conn. App. 413, 419, 925 A.2d 1126, cert. denied, 284 Conn. 917, 931 A.2d 936 (2007). "[I]f the servient owner . . . should by adverse acts lasting through the prescriptive period obstruct the dominant owner's . . . enjoyment, intending to deprive him of the easement, he may by prescription acquire the right to use his own land free from the easement." (Internal quotation marks omitted.) *Russo* v. *Terek*, 7 Conn. App. 252, 255, 508 A.2d 788 (1986). "A servient owner can extinguish an easement by prescription by demonstrating that the use of the property has been open, visible, continuous, uninterrupted and under a claim of right for a period exceeding fifteen years. . . . The standard of proof required for the extinguishment of an easement by adverse use is that of a fair preponderance of the evidence. . . . Whether an easement has been extinguished by the adverse acts of a servient owner primarily presents a question of fact for the trier. . . . When the factual basis of the court's decision is challenged, the reviewing court must determine whether the facts are supported by the evidence or whether they

are clearly erroneous. . . . In such cases, the trier's determination of fact will be disturbed only in the clearest of circumstances, where its conclusions could not reasonably be reached." (Citations omitted; internal quotation marks omitted.) *Mierzejewski* v. *Brownell*, supra, 421.

The trial court found that the plaintiff's property and parcels one and two had been completely surrounded by a chain-link and razor wire fence blocking access to the defendants' Fairfield Avenue property since at least the 1950s. This fence completely cut off access to the easement from the defendants' Fairfield Avenue property. Under certain circumstances, a chain-link fence across an easement is sufficient to commence the running of the period of prescriptive use. See *Public Storage, Inc.* v. *Eliot Street Ltd. Partnership*, 20 Conn. App 380, 381–82, 567 A.2d 389 (1989). The court found that the plaintiff had maintained actual, open, notorious, hostile, continuous, and exclusive possession of the property, including the easement, for the fifteen year statutory period, and we will not disturb that finding on appeal.

Furthermore, the trial court found that title to parcels one and two vested in Patrick Bennett in 1978 because he maintained actual, open, notorious, hostile, continuous, and exclusive possession of the property for the fifteen year statutory period beginning in 1963. By acquiring parcels one and two by adverse possession, the plaintiff's predecessor in title deprived the defendants' predecessor in title of the easement because it no longer provided access to the defendants' property. Instead, the passway ran from Bennett Street across the plaintiff's property to the rear of his property, adjacent to parcel one, without access to the defendants' property. Because the defendants were ousted from parcels one and two, there was no longer any use at all for the easement. Thus, when title to parcels one and two vested in Patrick Bennett, the easement was extinguished.[7] We conclude that the findings are sufficiently supported by the evidence and that the court's conclusions were lawfully drawn.

The judgment is affirmed.

In this opinion the other judges concurred.

APPENDIX

[1] See appendix. A sketch of the area in question was derived from plaintiff's exhibit 1. We have redacted extraneous information and have labeled the areas so that the wording is consistent with this opinion.

[2] In 2011 or 2012, both the chain-link and razor wire fence and the wood privacy fence that separated parcel one from the defendants' Fairfield Avenue property were removed in order for the defendants to add a new parking lot on the Fairfield Avenue property. The plaintiff subsequently reinstalled the wood privacy fence.

[3] Andrew F. Mizak III, a neighbor who lived adjacent to the plaintiff's property, installed a shed in approximately 2009 and occasionally used the plaintiff's driveway to access the shed when loading and unloading materials into the shed. Mizak never went as far as parcel one when using the driveway, and he never parked on the plaintiff's property or on the parcels. Mizak presented the only evidence of anyone, other than the plaintiff and members of his family, using the plaintiff's driveway. This sporadic use of the driveway did not defeat the "exclusive" requirement of adverse possession. See *Roche* v. *Fairfield*, 186 Conn. 490, 502, 442 A.2d 911 (1982). Further, these acts happened after the statutory time period for adverse possession had expired and the plaintiff had become the owner of the entire driveway by adverse possession.

[4] General Statutes § 47-31 (a) provides in relevant part: "An action may be brought by any person claiming title to, or any interest in, real or personal property, or both, against any person who may claim to own the property, or any part of it, or to have any estate in it, either in fee, for years, for life or in reversion or remainder, or to have any interest in the property, or any lien or encumbrance on it, adverse to the plaintiff, or against any person in whom the land records disclose any interest, lien, claim or title conflicting with the plaintiff's claim, title or interest, for the purpose of determining such adverse estate, interest or claim, and to clear up all doubts and disputes and to quiet and settle the title to the property. . . ."

[5] General Statutes § 52-575 (a) provides in relevant part: "No person shall make entry into any lands or tenements but within fifteen years next after his right or title to the same first descends or accrues or within fifteen years next after such person or persons have been ousted from possession of such land or tenements; and every person, not entering as aforesaid, and his heirs, shall be utterly disabled to make such entry afterwards; and no such entry shall be sufficient, unless within such fifteen-year period, any person or persons claiming ownership of such lands and tenements and the

right of entry and possession thereof against any person or persons who are in actual possession of such lands or tenements, gives notice in writing to the person or persons in possession of the land or tenements of the intention of the person giving the notice to dispute the right of possession of the person or persons to whom such notice is given and to prevent the other party or parties from acquiring such right, and the notice being served and recorded as provided in sections 47-39 and 47-40 shall be deemed an interruption of the use and possession and shall prevent the acquiring of a right thereto by the continuance of the use and possession for any length of time thereafter, provided an action is commenced thereupon within one year next after the recording of such notice. . . ."

[6] The defendants did not brief the claim concerning pleading; thus, we will not consider it. "It is well settled that [w]e are not required to review claims that are inadequately briefed." (Internal quotations marks omitted.) *Nowacki* v. *Nowacki*, 129 Conn. App. 157, 163, 20 A.3d 702 (2011).

[7] "While an express easement generally does not terminate even when the necessity or purpose of the easement ceases, an easement granted for a particular purpose may terminate as soon as such purpose ceases to exist, is abandoned, or is rendered impossible of accomplishment." (Footnotes omitted.) 28A C.J.S. 367–68, Easements § 160 (2008).