ROBERTO MARQUES *v.* ALLSTATE
INSURANCE COMPANY
(AC 34169)

Beach, Robinson and Sheldon, Js.

Submitted on briefs November 2, 2012—officially released January 22, 2013

*Joseph J. Romanello, Jr.*, filed a brief for the appellant (plaintiff).

*David J. McDonald* filed a brief for the appellee (defendant).

*Opinion*

SHELDON, J. The plaintiff, Roberto Marques, appeals from the summary judgment rendered by the trial court in favor of the defendant, Allstate Insurance Company, in this action to recover underinsured motorist benefits

under an automobile insurance policy issued by the defendant for injuries he claims to have suffered in a collision between his automobile and that of an underinsured motorist. On appeal, the plaintiff claims that the trial court improperly found that there is no genuine issue of material fact that his claim for underinsured motorist benefits under the subject policy is barred by the doctrine of collateral estoppel. We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following pertinent facts and procedural history. On July 31, 2006, the plaintiff, while insured by the defendant under an automobile insurance policy affording him up to $50,000 in underinsured motorist coverage, was struck and injured while operating his motor vehicle by another motor vehicle operated by Scott E. Oshinski, whom the plaintiff claims to have been an underinsured motorist. Oshinski also had an automobile insurance policy with the defendant, with a liability limit of $20,000 per occurrence.

Following the collision, the plaintiff instituted a negligence action against Oshinski in the Danbury Superior Court,[1] which the parties subsequently submitted to binding arbitration. Prior to the arbitration hearing, which was held on December 9, 2010, the parties executed a "confidential high/low award range arbitration agreement."[2] At the conclusion of the hearing, the arbitrator issued an award in favor of the plaintiff on the issues of liability and damages. On the issue of damages, the arbitrator found, more particularly, that the sum of $20,000 constituted "fair, just and reasonable compensation for the plaintiff's damages." Because the damages, so determined, fell within the range of damages

---

[1] *Marques* v. *Oshinski*, Superior Court, judicial district of Danbury, Docket No. CV-08-5005462-S.

[2] Under the terms of the agreement, the parties stipulated to a high of $20,000 and low of $0. They agreed not to disclose the terms of the agreement to the arbitrator.

to which the parties agreed in their confidential high/low arbitration range agreement, the arbitrator's award was unaffected by that agreement. In compliance with the award, the defendant, as Oshinski's insurance carrier, paid the plaintiff $20,000 as full compensation for all injuries and losses he had suffered as a result of the subject automobile collision.

Thereafter, on March 18, 2011, the plaintiff commenced the present action against the defendant to recover underinsured motorist benefits under his automobile insurance policy with the defendant, alleging that because his actual damages resulting from the subject collision exceeded the $20,000 limit of Oshinski's liability coverage, which had been exhausted, he was entitled to recover all damages in excess of that amount up to the limits of his underinsured motorist coverage under his policy. On September 23, 2011, the defendant filed a motion for summary judgment on the ground of collateral estoppel, which the court granted on December 5, 2011.[3] This appeal followed.

Before addressing the plaintiff's claims, we set forth the applicable standard of review. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue

---

[3] Originally, in support of his motion for summary judgment, the defendant also argued that the plaintiff failed to give timely notice of the action within the period required under the subject policy. The defendant, however, did not pursue this claim at oral argument for its summary judgment motion and thereafter expressly abandoned it. Accordingly, the defendant does not contest the adequacy of notice on appeal.

[of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . Finally, the scope of our review of the trial court's decision to grant the [defendant's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Sic* v. *Nunan*, 307 Conn. 399, 406, 54 A.3d 553 (2012). Similarly, "[t]he applicability of the [doctrine] of . . . collateral estoppel presents a question of law, over which our review is plenary." *Somers* v. *Chan*, 110 Conn. App. 511, 526, 955 A.2d 667 (2008).

On appeal, the plaintiff argues that the trial court improperly found that there is no genuine issue of material fact that his underinsured motorist claim in this case is barred by the doctrine of collateral estoppel. We disagree and conclude that the trial court properly rendered summary judgment in favor of the defendant.

"[C]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated . . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it already has had an *opportunity* to litigate." (Emphasis in original; internal quotation marks omitted.) *Connecticut Natural Gas Corp.* v. *Miller*, 239 Conn. 313, 324, 684 A.2d 1173 (1996). Collateral estoppel is grounded in "the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." *State* v. *Ellis*, 197 Conn. 436, 465, 497 A.2d 974 (1985), on appeal after remand sub nom. *State* v. *Paradise*, 213 Conn. 388, 567 A.2d 1221 (1990), overruled in part by *State* v. *Skakel*, 276 Conn. 633, 693, 888 A.2d 985, cert. denied, 549 U.S. 1030, 127 S.

Ct. 578, 166 L. Ed. 2d 428 (2006). "In order for collateral estoppel to bar the relitigation of an issue in a later proceeding, the issue concerning which relitigation is sought to be estopped must be identical to the issue decided in the prior proceeding. To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding." (Internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 297, 596 A.2d 414 (1991). "[O]rdinarily a factual determination made in final and binding arbitration is entitled to preclusive effect." *Genovese* v. *Gallo Wine Merchants, Inc.*, 226 Conn. 475, 483, 628 A.2d 946 (1993).[4]

"Collateral estoppel may be invoked against a party to a prior adverse proceeding or against those in privity with that party." *Young* v. *Metropolitan Property & Casualty Ins. Co.*, 60 Conn. App. 107, 114, 758 A.2d 452, cert. denied, 255 Conn. 906, 762 A.2d 1912 (2000). The doctrine may be invoked offensively, in support of a party's affirmative claim against his opponent, or defensively, in opposition to his opponent's affirmative claim against him. The present case involves the defensive use of collateral estoppel, which "occurs when a defendant in a second action seeks to prevent a plaintiff from relitigating an issue that the plaintiff had previously

---

[4] Although our Supreme Court has identified particular circumstances in which an arbitration decision should not be given preclusive effect, this case does not involve any such circumstances. See, e.g., *Genovese* v. *Gallo Wine Merchants, Inc.*, supra, 226 Conn. 479–89 (holding that preclusive effect should not be given to prior adverse determination in arbitration proceeding under collective bargaining agreement where to do so would defeat claimant's right to litigate statutory claim not dependent upon agreement); *LaSalla* v. *Doctor's Associates, Inc.*, 278 Conn. 578, 586–89, 898 A.2d 803 (2006) (holding that arbitrators are not themselves bound by prior arbitration awards issued under same contract unless contract expressly so provides).

litigated in another action against the same defendant or a different party." *Gionfriddo* v. *Gartenhaus Cafe*, 15 Conn. App. 392, 404, 546 A.2d 284 (1988) aff'd, 211 Conn. 67, 557 A.2d 540 (1989). It is well established "that privity is not required in the context of the defensive use of collateral estoppel . . . ." (Citations omitted.) *Coyle Crete, LLC* v. *Nevins*, 137 Conn. App. 540, 560, 49 A.3d 770 (2012).

In order to recover underinsured motorist benefits under his policy with the defendant, it was incumbent upon the plaintiff to prove that his total compensatory damages resulting from the collision at issue exceeded the coverage available to compensate him for those damages under Oshinski's liability policy. Because the issue of the plaintiff's total compensatory damages resulting from the collision "was actually litigated and necessarily determined"; *Connecticut Natural Gas Corp.* v. *Miller*, supra, 239 Conn. 324; in the binding arbitration hearing in his prior action against Oshinski, where the amount of such damages was found to be exactly $20,000—an amount precisely equal to, and thus not exceeding, the limit of liability coverage under Oshinski's automobile insurance policy—the defendant properly raised the doctrine of collateral estoppel defensively to prevent the plaintiff from relitigating that issue in this case.[5] When the arbitrator in the prior action found that $20,000 constituted "fair, just and reasonable compensation for the plaintiff's damages," the defendant, as Oshinski's insurance carrier, paid that amount to the plaintiff in compliance with the arbitrator's findings. Because, to reiterate, the amount of the

---

[5] The plaintiff's privity arguments are misplaced. Although it is true that privity is required when the doctrine of collateral estoppel is offensively invoked against a party that did not participate in a prior proceeding; see *Young* v. *Metropolitan Property & Casualty Ins. Co.*, supra, 60 Conn. App. 114; privity is not required when the doctrine is invoked defensively, as in the present case. See id., 118–19.

plaintiff's total compensatory damages, as finally determined by the arbitrator, did not exceed the limit of coverage under Oshinski's liability insurance policy, Oshinski was not an underinsured operator with respect to the plaintiff's claim, and, thus, the plaintiff was not entitled to recover any damages from the defendant under the underinsured motorist provisions of his own automobile insurance policy.

"As the moving party seeking summary judgment, it was incumbent upon the [defendant] to show that the judgment . . . in the [prior] action could not have been rendered without deciding the issues upon which the [present] action was predicated." *Dowling* v. *Finley Associates, Inc.*, 248 Conn. 364, 378–79, 727 A.2d 1245 (1999). As such, the defendant bore the burden of demonstrating that the issue raised in the present action, the amount of damages to which the plaintiff was legally entitled, was litigated and thus determined in the plaintiff's prior arbitration with Oshinski. Because the defendant satisfied its burden of establishing the applicability of collateral estoppel and the lack of any genuine issue of material fact related thereto, we conclude that the court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.