JOHN J. DORAN ET AL. *v.* FIRST CONNECTICUT CAPITAL, LLC, ET AL.
(AC 35075)

DiPentima, C. J., and Lavine and Dupont, Js.

Argued April 16—officially released June 11, 2013

*John J. Doran,* self-represented, the appellant (named plaintiff).

*Matthew B. Woods,* for the appellees (defendants).

*Opinion*

PER CURIAM. The self-represented plaintiff John J. Doran[1] appeals from the summary judgment rendered in favor of the defendants, First Connecticut Capital, LLC (First Connecticut), and eight partial assignees of the note and mortgage at issue.[2] On appeal, the plaintiff claims that the court improperly granted the defendants' motion for summary judgment on the basis of collateral estoppel. We disagree, and, accordingly, affirm the judgment of the trial court.

In his amended complaint dated September 21, 2010, the plaintiff alleged that he had borrowed $270,400 from Wells Fargo Bank to acquire land in Deep River. The plaintiff obtained a construction loan from First Connecticut in the amount of $925,000. A mortgage for the land secured this debt. Disbursement of the money from First Connecticut was subject to a construction draw schedule. On or about July 24, 2007, the plaintiff requested a disbursement of $130,850. First Connecticut refused to advance this money to the plaintiff because he was in default for failing to pay interest due under the loan agreement. Additional financial difficulties ensued, and the plaintiff's house never was completed.

The plaintiff filed a three count complaint, alleging breach of fiduciary duty, breach of contract, and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The defendants filed an

---

[1] The other self-represented plaintiff in this case, Jodi T. Chase, did not appeal from the judgment of the trial court. We therefore refer in this opinion to John J. Doran as the plaintiff.

[2] Harriet Busker, Pensco Trust Company, Chestnut Capital Corporation, Robert D. Gold Trust, Elsie Klein, Helen Shatanof, Naftaly Shlomo and Ronald Simonelli are the other eight defendants in this case.

answer and three special defenses, including res judicata and collateral estoppel. On February 10, 2012, the defendants moved for summary judgment on their special defense of res judicata and collateral estoppel. The defendants argued that in an earlier foreclosure action, *First Connecticut Capital, LLC* v. *Doran,* Superior Court, judicial district of Middlesex, Docket No. CV-07-5002942-S (October 14, 2008), aff'd, 121 Conn. App. 902, 992 A.2d 1234 (2010), the plaintiff had filed a disclosure of no defense to the complaint, judgment had been rendered against the plaintiffs and a foreclosure by sale had been ordered. The defendants argued, therefore, that "[t]he judgment in the prior action . . . conclusively established that the [plaintiff was] in breach of the loan agreement, thereby entitling the defendants herein to foreclose the mortgage." The plaintiff filed an objection to the defendants' motion for summary judgment but attached no affidavits or documents to support the objection.

The court heard argument on July 9, 2012, and filed a memorandum of decision granting the defendants' motion for summary judgment on September 20, 2012. The court noted that, in the foreclosure action, First Connecticut had alleged that the note and mortgage were in default as of June 1, 2007, and that this was a determinative issue. "Since the court necessarily decided in the uncontested foreclosure action that [the plaintiff] and [Jodi T.] Chase *were* in default under the [n]ote as of June 1, 2007, the [plaintiff is] collaterally estopped from relitigating the issue of default, an issue upon which [his] entire complaint depends: if [he was] in default under the [n]ote, then [First Connecticut] had no obligation to advance any further funds." (Emphasis in original.) This appeal followed.

"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . Finally, the scope of our review of the trial court's decision to grant the [defendant's] motion for summary judgment is plenary. . . . Similarly, [t]he applicability of the [doctrine] of . . . collateral estoppel presents a question of law, over which our review is plenary." (Citation omitted; internal quotation marks omitted.) *Marques* v. *Allstate Ins. Co.,* 140 Conn. App. 335, 338–39, 58 A.3d 393 (2013); see *Himmelstein* v. *Bernard,* 139 Conn. App. 446, 452, 57 A.3d 384 (2012).

"[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . To assert successfully the doctrine of issue preclusion, therefore, a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case. . . . Those requirements serve to ensure fairness, which is a crowning

consideration in collateral estoppel cases." (Citation omitted; internal quotation marks omitted.) *Coyle Crete, LLC* v. *Nevins*, 137 Conn. App. 540, 548–49, 49 A.3d 770 (2012).

After reviewing the record and the briefs of the parties, we conclude that the court properly applied the doctrine of collateral estoppel and granted the defendants' motion for summary judgment. The plaintiff had a full and fair opportunity to litigate the question of whether the mortgage and note were in default as of June 1, 2007, during the foreclosure action. See, e.g., *Jackson* v. *R. G. Whipple, Inc.*, 225 Conn. 705, 717–18, 627 A.2d 374 (1993). Additionally, the issue of whether the plaintiff was in default was actually decided and was necessary to the judgment in the foreclosure action. *Virgo* v. *Lyons*, 209 Conn. 497, 501, 551 A.2d 1243 (1988). We conclude, therefore, that the court properly granted the defendants' motion for summary judgment. In doing so, it protected the finality of judicial determinations, conserved the time of the court and prevented wasteful relitigation. See *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 812, 695 A.2d 1010 (1997).

The judgment is affirmed.

