******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHARLES D. MIERZEJEWSKI *v.* CRARY BROWNELL
(AC 35747)

Alvord, Mullins and Flynn, Js.

*Argued May 13—officially released August 5, 2014*

(Appeal from Superior Court, judicial district of
Middlesex, Aurigemma, J.)

*William J. O'Sullivan*, with whom was *Michelle M.
Seery*, for the appellant (plaintiff).

*Scott W. Jezek*, for the appellee (defendant).

*Opinion*

ALVORD, J. The plaintiff, Charles D. Mierzejewski, appeals from the summary judgment rendered by the trial court in favor of the defendant, Crary Brownell, and from the court's denial of the plaintiff's cross motion for summary judgment. On appeal, the plaintiff claims that the court improperly (1) concluded that the judgment in the first action between the parties conclusively determined that the defendant's right-of-way was twenty feet in width, (2) failed to give preclusive effect to certain findings of the trial court in the second action between the parties, and (3) stated that the plaintiff's continued prosecution of his claims in the present third action "is vexatious." We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff and the defendant each own adjoining parcels of land that abut Lake Bashan in East Haddam. The plaintiff's parcel is improved with a dwelling, and he and his wife reside there. The defendant's parcel, which is located behind the plaintiff's parcel, is unimproved and would be landlocked except for a deeded right-of-way over the plaintiff's parcel.

Both parcels were once part of a larger tract of land consisting of 13.2 acres. On October 8, 1958, Constance Sauer Cuthbertson conveyed the 13.2 acre tract to Arthur Foreman and Lillian Foreman. That same day, the Foremans conveyed 3.1 acres of the 13.2 acre tract to the defendant's predecessor in title. Because the defendant's parcel had no direct access to a public street, the deed from the Foremans conveyed the parcel "[t]ogether with a right of way over an old highway[1] that runs along land of William B. Robinson and continues through other land of the Grantors to a point opposite the boundary described as 72.1 feet of the granted premises where the right of way turns Southerly from said old highway and enters upon the granted premises. Said right of way shall be 20 feet in width over its entire distance and shall be for any and all purposes in connection with the granted premises." In 1997, the defendant took title to the parcel with the right-of-way.

The Foremans further subdivided their remaining property into additional parcels. They conveyed a portion to Norbert Pomeranz, the plaintiff's predecessor in title, on August 8, 1986. Pomeranz made improvements to the property, including the construction of a new septic system without obtaining the necessary permits, and installed the septic tank under a portion of the deeded right-of-way. The plaintiff purchased the Pomeranz parcel in 1994, and the warranty deed specifically provided that the property was being conveyed subject to the right-of-way described in the 1958 deed from the Foremans to the defendant's predecessor in title.

In 2003, the defendant informed the plaintiff that he intended to clear the right-of-way. The plaintiff responded by filing the first action, claiming that the plaintiff acquired title to the defendant's right-of-way by adverse possession, or, in the alternative, by prescriptive easement. The plaintiff requested a judgment determining the rights of the parties and settling the title to the right-of-way. The defendant filed an answer, five special defenses and a five count counterclaim. After a bench trial, the court, *Aurigemma, J.*, issued a memorandum of decision in which it concluded that the plaintiff failed to prove the extinguishment of the defendant's right-of-way. In that decision, Judge Aurigemma further determined: "The language in the Foreman deed granting the right-of-way at issue here was quite clear as to the size of the right-of-way. The right-of-way runs along the northern property line of the [plaintiff's] property and is 20 feet in width, with the entire right-of-way being located on that property." *Mierzejewski* v. *Brownell*, Superior Court, judicial district of Middlesex, Docket No. CV-03-0100645-S (September 15, 2005). The plaintiff appealed from that decision.

In *Mierzejewski* v. *Brownell*, 102 Conn. App. 413, 925 A.2d 1126, cert. denied, 284 Conn. 917, 931 A.2d 936 (2007), this court affirmed the trial court's judgment in the first action between the parties. In his appeal of the first action, the plaintiff had claimed, inter alia, that the trial court improperly found that he had not proven the extinguishment of the right-of-way by adverse possession or prescriptive easement. Id., 414. That claim was found to be without merit by this court. Additionally, on appeal, the plaintiff had presented several issues in connection with his argument that the trial court improperly determined the precise location of the right-of-way. In response to that argument, this court stated: "A reading of the court's memorandum of decision . . . reveals that the court did not determine the *exact location* of the right-of-way. More specifically, the court did not decide whether the northern boundary of the right-of-way was a stone wall or was the center line of the old highway. Rather, the court merely concluded that the *entire twenty-foot right-of-way*, which 'runs along the northern property line of [the plaintiff's property],' was located on the plaintiff's property. This finding, however, is not inconsistent with its conclusion that the plaintiff had failed to extinguish the right-of-way by prescription.

"The court's conclusion that the plaintiff had not extinguished the right-of-way by prescription was not dependent on a determination of the *exact location* of the right-of-way. . . . [T]he court's disposition of the extinguishment claim would be the same, regardless of the *exact location* of the northern boundary." (Emphasis added.) Id., 417 n.6. For those reasons, this court

concluded that the plaintiff's claim lacked merit and declined to address it further. Id.

*Mierzejewski* v. *Brownell*, supra, 102 Conn. App. 413, was officially released on July 17, 2007. Three months later on October 15, 2007, the plaintiff commenced a second action against the defendant. In addition to the defendant, the plaintiff named Robert J. Laneri and Janice M. Laneri as defendants in the second action. The Laneris owned an abutting parcel of land that shares a boundary on the north side of the plaintiff's parcel.[2] The defendant's right-of-way runs along the northern property line of the plaintiff's property, parallel to the Laneris' property. In the second action, the plaintiff claimed that the boundary line between his property and the Laneris' property was a stone wall on the north side of the abandoned highway. The Laneris and the defendant claimed that the disputed boundary line was the center line of the abandoned highway. The plaintiff's complaint in the second action alleged that the location of the boundary line between the properties of the plaintiff and the Laneris "implicates the location of [the defendant's] right of way across Plaintiff's property." The plaintiff sought "a judgment determining the rights of the parties in and to the property interests described in this complaint and settling the title thereto."

Following a bench trial in the second action, the court, *Bear, J.*, issued a forty-six page memorandum of decision. *Mierzejewski* v. *Laneri*, Superior Court, judicial district of Middlesex, Docket No. CV-07-5003402-S (February 23, 2010). Judge Bear concluded that the plaintiff and the Laneris each owned in fee to the stone wall between their properties.[3] With respect to the defendant's right-of-way, Judge Bear determined that it ran in the bed of the old highway and that it was twenty feet in width within the old highway bed. Id. The court rendered judgment accordingly, and the Laneris appealed from the judgment in the second action to this court.

On appeal of the second action, the Laneris claimed that the trial court improperly determined that the common boundary between their property and the plaintiff's property was the stone wall. *Mierzejewski* v. *Laneri*, 130 Conn. App. 306, 308, 23 A.3d 82, cert. denied, 302 Conn. 932, 28 A.3d 344 (2011). The defendant did not participate in this appeal. This court concluded "as a matter of law, that the intent expressed in the deeds in both the plaintiff's and the [Laneris'] chains of title was that the southerly boundary line of the [Laneris'] land is the center of the old abandoned highway, not a stone wall." Id. The judgment in the second action was therefore reversed, and this court remanded the case to the trial court with the following rescript: "In the exercise of our plenary review, we reverse the judgment of the trial court quieting and settling title in the plaintiff and conclude, as a matter of law, that the intent

expressed in the deeds in the [Laneris'] chain of title describing the homestead parcel was that the [Laneris'] southerly boundary line is the center line of the old abandoned highway. The matter is remanded to the trial court to render judgment accordingly." Id., 319. The plaintiff's petition for certification to appeal was denied by the Supreme Court on September 20, 2011.

On February 2, 2012, the plaintiff commenced the present third action against the defendant. In his complaint, the plaintiff alleged that the defendant was bound by Judge Bear's determinations in the second action because he had not participated in the appeal taken by the Laneris that resulted in the reversal of that judgment. In his third action, the plaintiff sought "[a] judgment determining the rights of the parties in, and settling title to, the right-of-way pursuant to [General Statutes §] 47-31 . . . including a determination of the res judicata and/or collateral estoppel effect of the judgment in the 2007 [second] [a]ction . . . ." The defendant filed an answer with five special defenses, alleging, inter alia, that the plaintiff's claims were actually litigated or could have been litigated in the two prior actions between the parties. On December 14, 2012, the defendant filed a motion for summary judgment, claiming that the plaintiff's third action was barred by the doctrines of res judicata or collateral estoppel. On December 17, 2012, the plaintiff filed a cross motion for summary judgment, claiming that he was entitled to judgment as a matter of law under the "principles of res judicata/collateral estoppel . . . ."

A hearing on the parties' cross motions for summary judgment in the third action was held before the court, *Aurigemma*, *J.*, on January 28, 2013. On May 28, 2013, Judge Aurigemma, the same judge who had rendered judgment in the first action between the plaintiff and the defendant, issued a memorandum of decision. In that decision, Judge Aurigemma made the following factual findings and determinations: (1) the present action is the third action commenced by the plaintiff against the defendant since 2002, and all three actions have included the same prayer for relief, i.e., to quiet title to the property subject to the dispute; (2) in the first action, the plaintiff challenged the validity of the defendant's right-of-way and raised issues pertaining to its width and location; (3) the defendant prevailed in the first action, with the trial court concluding that the right-of-way ran along the northern property line of the plaintiff's property and that the right-of-way was twenty feet in width; (4) the plaintiff brought the second action, claiming that the location of the right-of-way had not been determined in the first action and was uncertain; (5) the trial court in the second action determined that the property line between the properties of the plaintiff and the Laneris was a stone wall on the north side of the abandoned highway; (6) the Laneris successfully appealed from the judgment in the second action, and

the Appellate Court held that the Laneris' southerly boundary line was the center line of the abandoned highway; (7) the defendant claims that both the validity and the width of the right-of-way were determined in the first action, and that any remaining issues with respect to the location of the right-of-way were determined in the second action; (8) the plaintiff claims that some of the trial court's findings in the second action retain validity, most specifically, Judge Bear's statement that a portion of the defendant's right-of-way would be only ten feet in width if the Laneris' southern boundary is the center line of the abandoned highway rather than the stone wall; (9) the width of the defendant's right-of-way was conclusively determined in the first action by Judge Aurigemma; (10) based upon a review of the trial court and Appellate Court decisions in the first and second actions, and the affidavits submitted by the parties, the first action determined the legality and the twenty foot width of the defendant's right-of-way, and the second action determined the location of the right-of-way as being the center line of the old highway; (11) the plaintiff's argument that selected findings of the trial court in the second action remain valid despite the Appellate Court's reversal of the judgment in that action has no merit; (12) all claims that the plaintiff seeks to litigate in the present third action against the defendant either were or could have been litigated in the prior two actions; and (13) the plaintiff's continued prosecution of this action is vexatious. For those reasons, the court granted the defendant's motion for summary judgment and denied the plaintiff's cross motion for summary judgment. This appeal of the court's judgment in the third action followed.

"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [T]he scope of our review of the trial court's decision to grant the [defendant's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Doran* v. *First Connecticut Capital, LLC*, 143 Conn. App. 318, 320–21, 70 A.3d 1081, cert. denied, 310 Conn. 917, 76 A.3d 632 (2013). "Additionally, the applicability of res judicata . . . presents a question of law over which we employ plenary review." (Internal quotation marks omitted.) *Nipmuc Proper-*

*ties, LLC* v. *Meriden*, 130 Conn. App. 806, 812, 25 A.3d 714, cert. denied, 302 Conn. 939, 28 A.3d 989 (2011), cert. denied, U.S. , 132 S. Ct. 1718, 182 L. Ed. 2d 253 (2012). "Similarly, [t]he applicability of the [doctrine] of . . . collateral estoppel presents a question of law, over which our review is plenary." (Internal quotation marks omitted.) *Marques* v. *Allstate Ins. Co.*, 140 Conn. App. 335, 339, 58 A.3d 393 (2013).

We begin by setting out the doctrines of res judicata and collateral estoppel. "Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. . . . [W]e have observed that whether to apply either doctrine in any particular case should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim. . . . The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . .

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made. . . . Res judicata bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action . . . which might have been made. . . .

"Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." (Citations omitted; internal quotation marks omitted.) *Massey* v. *Branford*, 119 Conn. App. 453, 464–65, 988 A.2d 370, cert. denied, 295 Conn. 921, 991 A.2d 565 (2010).

I

The plaintiff's first claim is that the court improperly granted the defendant's motion for summary judgment

through the "faulty application of the principles of collateral estoppel and res judicata . . . ." More specifically, the plaintiff argues that the court "erred in concluding" that the judgment in the first action between the parties " 'conclusively determined' that the width of the right-of-way was twenty feet." The plaintiff maintains that (1) the only issue he raised in the first action was whether the defendant's right-of-way had been extinguished and (2) footnote 6 in *Mierzejewski* v. *Brownell*, supra, 102 Conn. App. 413, confirmed that the judgment against the plaintiff on his extinguishment claim was not dependent on Judge Aurigemma's determination regarding the twenty foot width of the right-of-way.

The same judge who presided over the trial in the first action, and rendered a judgment in favor of the defendant, subsequently rendered summary judgment in favor of the defendant in this third action on the grounds of res judicata and/or collateral estoppel. Judge Aurigemma expressly stated in the memorandum of decision in the third action that the validity and the width of the defendant's right-of-way was conclusively determined in the first action. This determination is verified by a review of Judge Aurigemma's memorandum of decision in the first action, in which she stated: "The language in the Foreman deed granting the right-of-way at issue here was quite clear as to the size of the right-of-way. The right-of-way runs along the northern property line of the [plaintiff's] property and is 20 feet in width,[4] with the entire right-of-way being located on that property." *Mierzejewski* v. *Brownell*, supra, Superior Court, Docket No. CV-03-0100645-S.

The plaintiff claims that the width of the right-of-way was not an issue in the first action. Judge Aurigemma, in the written decisions issued in the first and third actions, has expressly stated otherwise. The plaintiff has provided no evidence to show that the court's statements are erroneous. Although the record in this appeal includes copies of pleadings, transcripts, and other documentation related to the second action, it does not contain pleadings, transcripts, or other documentation related to the first action. We will not presume that Judge Aurigemma's determinations are erroneous or that she failed to apply the proper legal analysis in the absence of any evidence to the contrary. See, e.g., *Kaczynski* v. *Kaczynski*, 294 Conn. 121, 129–30, 981 A.2d 1068 (2009); *Shamitz* v. *Taffler*, 145 Conn. App. 132, 142, 75 A.3d 62 (2013); *Farrell* v. *Farrell*, 36 Conn. App. 305, 313, 650 A.2d 608 (1994).

Moreover, footnote 6 in *Mierzejewski* v. *Brownell*, supra, 102 Conn. App. 413, does not compel a different conclusion. Footnote 6 explicitly provides that the "exact location" of the right-of-way had not been determined in the plaintiff's first action. Id., 417 n.6. The footnote does not address the *width* of the right-of-way.

Because the exact location had not been determined in the first action, the plaintiff commenced the second action against the Laneris to determine the boundary line, and, hence, the exact location of the defendant's right-of way. All issues, therefore, concerning the width and location of the defendant's right-of-way have been determined in the first and second actions between the parties. Accordingly, the court in this third action properly concluded that the plaintiff's claims in this action were precluded because they "either were or could have been litigated in the prior two cases." The trial court therefore properly rendered summary judgment in favor of the defendant.

II

The plaintiff's next claim is that the court improperly denied his cross motion for summary judgment because it failed to give preclusive effect to Judge Bear's observation in the second action that the defendant's right-of-way would be only ten feet in width along the Laneris' property if the southerly boundary was the center line of the old highway rather than the stone wall.[5] Because we have concluded that the width of the right-of-way already had been determined in the first action, it is not necessary to address the plaintiff's second claim.[6]

III

The plaintiff's final claim is that the court, in its memorandum of decision, improperly stated that his "continued prosecution of this action is vexatious." This claim merits little discussion. The defendant did not raise a claim of vexatious litigation in his special defenses, nor did he file a counterclaim alleging vexatious litigation. Simply put, it was not an issue to be resolved by the court, nor was such a determination necessary for the resolution of the issues in the third action. As such, it was mere dicta and has no precedential value. See *Farmington Valley Recreational Park, Inc.* v. *Farmington Show Grounds, LLC*, 146 Conn. App. 580, 589, 79 A.3d 95 (2013); *Porto* v. *Sullivan*, 119 Conn. App. 360, 366 n.4, 987 A.2d 1092 (2010).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The "old highway" was discontinued as a public highway in 1866.

[2] The Laneris' property, also known as the "Homestead" parcel, was not part of the 13.2 acre tract of land owned by the Foremans in 1958.

[3] At page six of the decision, Judge Bear noted that the defendant agreed with the Laneris that the common boundary was the center line of the abandoned highway rather than the stone wall. Judge Bear observed: "[The defendant] is supporting the position of the Laneris that the southern boundary of their easterly parcel, the 'Homestead' parcel, is the center line of such old highway. If [the Laneris'] position were correct, [the defendant's] deeded right-of-way that traverses to the south of the Laneri 'Homestead' parcel is ten feet and not twenty feet wide since it is limited to the bed of such 'old highway' and the Laneri 'Homestead' parcel had not previously been owned by [the Foremans]. Thus, [the defendant] does not have a claim based on his deeded right-of-way to traverse the northerly ten feet of the old highway bed if it is owned by the Laneris. This seemingly counterintuitive and self-defeating approach, while evidence of the depth of [the defendant's]

probably justified negative attitude toward [the plaintiff], calls into question his credibility in this case." *Mierzejewski* v. *Laneri*, supra, Superior Court, Docket No. CV-07-5003402-S.

[4] The language in the 1958 deed, in which the Foremans conveyed 3.1 acres of their 13.2 acre tract to the defendant's predecessor in title, supports the trial court's determination that the defendant's right-of-way is twenty feet in width. At the time the Foremans conveyed the 3.1 acre parcel, they still retained the parcel now owned by the plaintiff. Although Judge Bear determined in the second action that the right-of-way was confined to the bed of the old highway, the clear language in the 1958 Foreman deed belies that interpretation. The right-of-way, as conveyed, ran along Robinson's land, now the Laneris' land, "and *continue*[*d*] *through other land of the* [*Foremans*] . . . . *Said right of way shall be 20 feet in width over its entire distance* and shall be for any and all purposes in connection with the granted premises." (Emphasis added.)

Although Judge Bear was correct that the right-of-way could not have extended into the Laneris' parcel because the Foremans had never owned it, the Foremans did own the plaintiff's parcel when they conveyed the right-of-way and the express language in the deed specifies that the width was to be twenty feet for the *entire distance* of the right-of-way.

[5] The plaintiff places great importance on the fact that the defendant did not appeal from Judge Bear's judgment in the second action. Although Connecticut recognizes the general rule that a nonappealing party is bound by the decision of the lower court, we also have recognized that there are times when a nonappealing party can benefit from an appellate court's determination even though that party did not participate in the appeal. This exception to the general rule is applicable in the present case. "[W]hen the rights of all the parties are interwoven or when the erroneous legal decision of the lower court forms the basis for all of the parties' rights, the nonappealing party is entitled to the benefit of the appellate court determination." (Internal quotation marks omitted.) *Gino's Pizza of East Hartford, Inc.* v. *Kaplan*, 193 Conn. 135, 143 n.7, 475 A.2d 305 (1984).

[6] We also note that Judge Bear's statement, found on page six of a forty-six page decision, was addressed primarily to the issue of the defendant's credibility.