KRYSTYNA W. *v.* JANUSZ W.*
(AC 32323)

Gruendel, Alvord and Stoughton, Js.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued January 11—officially released March 29, 2011

*Jacek I. Smigelski*, for the appellant (defendant).

*Opinion*

ALVORD, J. The defendant, Janusz W., appeals from the judgment of the trial court granting the application for a restraining order filed by the plaintiff, Krystyna W., pursuant to General Statutes § 46b-15.[1] He claims that the court (1) abused its discretion because no factual basis existed to support the requisite finding that he presented a continuous threat of present physical pain or physical injury to the plaintiff or their minor

---

[1] General Statutes § 46b-15 (a) provides: "Any family or household member as defined in section 46b-38a who has been subjected to a continuous threat of present physical pain or physical injury by another family or household member or person in, or has recently been in, a dating relationship who has been subjected to a continuous threat of present physical pain or physical injury by the other person in such relationship may make an application to the Superior Court for relief under this section."

son, (2) exceeded its statutory authority under § 46b-15 by ordering the defendant to participate in alcohol abuse counseling and (3) exceeded its statutory authority under § 46b-15 by extending the protection of the restraining order to their adult daughter.[2] We affirm the judgment of the trial court.

The record reflects the following facts and procedural history. On May 20, 2010, the plaintiff filed an application for relief from abuse against the defendant, her husband. That application sought, inter alia, to protect the plaintiff, their minor son and their adult daughter from the defendant by imposing certain restraints, including an order that he not assault, threaten, abuse, harass, follow, interfere with or stalk them.[3] On May

[2] The plaintiff has not responded to the defendant's claims on appeal, having failed to file a brief with this court. We, therefore, have considered the appeal on the basis of the record and the defendant's brief and oral argument. See *Schettino* v. *Labarba*, 82 Conn. App. 445, 446 n.2, 844 A.2d 923 (2004).

[3] The plaintiff attached an affidavit to her application, in which she stated in relevant part: "I am [a] 43 year old mother with two children ages 15 and 20. My husband is a chronic alcoholic who refuses to seek help. . . . His verbal abuse towards my children and me became unbearable. We attempted to seek help for his alcoholism. . . . He was admitted to the hospital for about a week. Since his return his verbal abuse and threats became even stronger. He told us he will seek revenge on my children and me because we hospitalized him. He would keep us up all night; yelling, making loud noises, banging the furniture, and overall being very disruptive and dangerous because we did not know what to expect from him. At one point he began to walk around the house with knives. He also made a sharp and pointy object from a metal rod of some sorts that could be used for stabbing. . . . As he sobered up he denied everything that [he] had said and done the day before . . . . From there the situation became even more threatening. . . . Our household is filled with his constant screams and his careful planned out techniques to break us down. . . . At one point he came up to my son and put a large knife and hammer in front of him and told my son to murder him. He also threatens us that he will kill himself because of what 'we have done to him' meaning the times we tried to be supportive and helpful in order to help him stop drinking. . . . We have been living in fear for over a year now. We don't know what his next move will be. He has told us he will burn the house down and that he will 'crush' us so we are left with nothing. . . . [T]he house is filled with constant fighting and fear. . . . Even when my son is staying away, my husband keeps harassing

28, 2010, the court held a hearing on the application. The plaintiff testified that she believed that she and the children were in danger and repeated the allegations contained in her affidavit. See footnote 3 of this opinion. The plaintiff, during cross-examination, testified that the defendant had never struck her or the children in the past. The defendant also testified that he had never struck the plaintiff or the children.

At the conclusion of the May 28, 2010 hearing, after the testimony of the parties and argument of counsel,[4] the court granted the application for the restraining order. The court expressly found that there was a continuous threat of present and serious physical harm to the plaintiff and the children. The court ordered the defendant to stay away from the home and prohibited him from having any further contact with the plaintiff and the children for a period of six months.[5] The court additionally ordered the defendant to attend counseling for alcohol abuse. This appeal followed.

I

The defendant first claims that there was no factual basis from which the court could have found that the defendant presented a continuous threat of present physical pain or physical injury to the plaintiff or their minor son within the meaning of § 46b-15. Specifically,

him and blaming him for the alcoholism and the disruptive behavior. . . . At this point my children and I cannot put up with his alcoholism, constant verbal abuse, and the fact that he could snap and hurt us at any given moment. . . ."

[4] The plaintiff was self-represented at the hearing. The defendant was represented by counsel.

[5] We note that the order of protection that the defendant challenges in this appeal expired November 28, 2010. Nevertheless, the appeal is not moot. See *Putman* v. *Kennedy*, 279 Conn. 162, 164–65, 900 A.2d 1256 (2006) ("expiration of a domestic violence restraining order does not render an appeal from that order moot because it is reasonably possible that there will be significant collateral consequences for the person subject to the order").

he argues that "[t]here was absolutely insufficient evidence [presented at the hearing to support such a finding] absent conjecture or fear of what might happen . . . because of the defendant's alcoholism . . . ."

We begin with the applicable standard for this court's review. "[T]he standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . .

"In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Joni S.* v. *Ricky S.*, 124 Conn. App. 170, 172–73, 3 A.3d 1061 (2010).

The plain language of § 46b-15 clearly requires a continuous threat of present physical pain or physical injury before a court can grant a domestic violence restraining order. Immediately prior to the court's finding that such a threat had been established, the court indicated that the record reflected that the defendant had threatened to seek revenge on the children because they had hospitalized him, that he walked around the house with knives, that he had made a sharp and pointy object with a metal rod, that his threatening conduct occurred when he was intoxicated, that he did not remember his actions when sober, that he verbally abused the children

and denied that he was doing so, that he had utilized carefully planned techniques to upset them, that he prevented the family from sleeping by purposely making loud noises, that he had asked their minor son to kill him with a hammer and knife, that he had threatened to kill himself because of his family's attempts to help him get treatment for his alcoholism, that he blamed their son for his alcoholism and his disruptive behavior, that the family had lived in fear for over a year and that he had threatened to burn the house down. As the court noted: "I don't know how close you can get to the statute [§ 46b-15] without actually burning the house down."

We repeat what has become a tired refrain: "[W]e do not retry the facts or evaluate the credibility of witnesses." (Internal quotation marks omitted.) *Noonan* v. *Noonan*, 122 Conn. App. 184, 197, 998 A.2d 231, cert. denied, 298 Conn. 928, 5 A.3d 490 (2010). The trial court based its decision on its assessment of the credibility of the plaintiff. The record establishes that there was sufficient evidence to support a finding that the plaintiff and the children were subjected to a continuous threat of present physical pain or physical injury. Accordingly, the court did not abuse its discretion in granting the plaintiff's application for a restraining order against the defendant.

II

The defendant next claims that the court exceeded its statutory authority under § 46b-15 by ordering him to participate in alcohol abuse counseling. He argues that, although he may have serious alcohol related problems, the statute does not provide a remedy for such problems.

Section 46b-15 (b) provides, in relevant part, that "[t]he court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant and such dependent children or other persons as

the court sees fit. . . ." From the plaintiff's testimony and the record, the court reasonably could have concluded that the defendant's behavior had become increasingly more violent and threatening as the direct result of his alcohol abuse. The court stated that the situation at the parties' home had spiraled out of control because of the defendant's alcohol consumption, that the entire family had been impacted by his drinking and that he blamed others for his alcoholism and disruptive behavior.

For those reasons, the court, in the exercise of its broad discretion, did not exceed its statutory authority when it ordered the defendant to participate in alcohol abuse counseling. Because the behavior leading to the issuance of the restraining order could have been considered the direct result of the defendant's alcohol abuse, the court reasonably could have concluded that such counseling was necessary for the protection of the plaintiff and the children. Accordingly, this claim of the defendant is without merit.[6]

### III

The defendant's final claim is that the court exceeded its statutory authority under § 46b-15 by extending the protection of the restraining order to the adult daughter. The defendant argues that the daughter, because she was not a minor, was required to make her own application for a restraining order under the statute in order to be afforded such protection.[7] We disagree.

[6] We note that the defendant agreed to participate in alcohol abuse counseling. At the hearing, a letter from a counseling center dated May 25, 2010, was given to the court by the defendant's counsel and was accepted as part of the record. That letter confirmed that the defendant had been readmitted to a substance abuse program and that he intended to attend group therapy sessions. When his counsel asked him whether he was willing to address his drinking problem through counseling, the defendant responded in the affirmative.

[7] We note that the plaintiff's application for the restraining order expressly requested that the court order the defendant to have no contact with the daughter. The defendant never argued before the trial court that the statutory

As previously noted, the express language of § 46b-15 (b) provides in relevant part that "[t]he court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant and such dependent children *or other persons as the court sees fit. . . .*" (Emphasis added.) The daughter, then twenty years old, lived in the home with the plaintiff, the defendant and her brother. According to the plaintiff's testimony and affidavit, the daughter was attending college at that time. As discussed in part I of this opinion, the defendant's threatening behavior was directed at the plaintiff and the children. The court specifically found that his alcohol consumption had impacted the entire family. Accordingly, the court acted within the statutory authority of § 46b-15 when it extended the protection of the order to the adult daughter.

The judgment is affirmed.

In this opinion the other judges concurred.

language of § 46b-15 would not extend to her without her own application for relief from abuse.