******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JORDAN M. *v.* DARRIC M.*
(AC 38640)

Beach, Keller and Harper, Js.

*Argued May 24—officially released September 8, 2016\*\**

(Appeal from the Superior Court, judicial district of
New Haven, Emons, J.)

*James Hardy*, for the appellant (defendant).

*Opinion*

BEACH, J. The defendant, Darric M., appeals from the judgment of the trial court granting the application for a restraining order filed on behalf of the plaintiff, Jordan M., by Eleanor M., as next friend. The defendant claims that (1) there was insufficient evidence to support the court's imposition of a civil restraining order pursuant to General Statutes § 46b-15, and (2) the court improperly used the mechanism of a restraining order to grant custody of Jordan to Eleanor M. We agree that there was no evidence to support the restraining order and, accordingly, reverse the judgment of the trial court.

The record in this case is confusing at best and certain portions of the file appear to have been entered under incorrect docket numbers. We note as well that only the defendant has filed a brief. It appears that the two relevant Superior Court docket numbers are from the judicial district of New Haven: FA-15-4066397, which is a custody case; and FA-15-4066531, which is a restraining order case. The relevant facts, so far as they can be discerned from the record, are as follows. The defendant and Heather S. are the parents of Jordan, who was born in 2013. The Commissioner of the Department of Children and Families filed a neglect petition against Heather S. In May, 2015, Heather S. purportedly executed an agreement in which she agreed to give temporary custody of Jordan to Eleanor M., the defendant's aunt. In August, 2015, Eleanor M. filed in Probate Court a petition for temporary custody of Jordan and for removal of the defendant and Heather S. as guardians.

On August 7, 2015, the defendant brought an action in Superior Court against Heather S., seeking sole custody of Jordan (custody case). The defendant filed an application for an emergency ex parte order of custody. The court, *Goodrow, J.*, issued an emergency ex parte order granting the defendant temporary custody on August 7, 2015.

Following that order, a hearing was held on August 21, 2015, before the court, *Emons, J.*, at which the defendant was self-represented.[1] On that date, the court granted Eleanor M., also self-represented, permission to intervene in the case. The court found that the defendant had not established that custody should be transferred from Eleanor M. to him, and ordered that Jordan remain in the temporary custody of Eleanor M. until the resolution of the probate case.[2] The court permitted the defendant visitation with Jordan during the day, with no overnight visitation.

On the night of August 21, 2015, Heather S., the defendant, and Noel R., the defendant's brother, went with police officers to the home of Eleanor M. Eleanor M. did not have a copy of the August 21, 2015 court order, which had been entered that same day, and the police required her to return Jordan to the custody of his

parents. In reaction, Eleanor M. filed in the custody case, on August 24, 2015, an application seeking an emergency ex parte order of custody. The judgment file in the custody case that was signed by the court, *Emons, J.*, on March 4, 2016, reflects that on August 24, 2015, the court found that an immediate and present risk of physical danger or psychological harm to Jordan existed and that it was in the best interest of Jordan to award temporary custody to Eleanor M. The court further terminated all visitation by the defendant. The judgment file further states that "[t]hese orders were made permanent on October 27, 2015."

Also on August 24, 2015, Eleanor M., pursuant to § 46b-15 and as next friend of Jordan, filed applications for civil restraining orders against the defendant (restraining order case), Heather S. and Noel R., all of which were granted ex parte.[3] On September 4, 2015, a hearing was held addressing the August restraining orders; the court continued the matter to September 15, 2015, while the ex parte temporary restraining orders remained intact. Following the September 15, 2015 hearing, the court held that Eleanor M. had sustained her burden regarding the § 46b-15 restraining orders against Heather S., Noel R., and the defendant, and ordered them to be in effect for one year. The defendant filed a motion for articulation and a motion for reconsideration, both of which were denied by the court. This appeal followed. We stress that the only appeal is from the restraining order case. There is no appeal from the custody case.

I

The defendant first claims that the evidence was insufficient to support a finding that he presented "a continuous threat of present physical pain or physical injury," as required by § 46b-15.[4] We agree.

"[W]e will not disturb a trial court's orders unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion . . . we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Our deferential standard of review, however, does not extend to the court's interpretation of and application of the law to the facts. It is axiomatic that a matter of law is entitled to plenary review on appeal." (Internal quotation marks omitted.) *Kayla M.* v. *Greene*, 163 Conn. App. 493, 504, 136 A.3d 1 (2016).

Section 46b-15 (a) provides in relevant part: "Any family or household member . . . who has been subjected to a continuous threat of present physical pain or physical injury, stalking or a pattern of threatening, including, but not limited to, a pattern of threatening . . . by another family or household member may make an application to the Superior Court for relief under this section."[5]

A review of the evidence presented at the September 4 and September 15, 2015 hearings regarding the restraining order reveals that there was no evidence of a continuous threat of present physical pain or physical injury, stalking or a pattern of threatening.[6] There was evidence that the defendant, along with others, came to the home of Eleanor M. on the night of August 21, 2015, with police officers, and took Jordan. The court's reasoning for granting the application for the restraining order is not clear, but evidence of the defendant's behavior on the night of August 21 is the only evidence in the September 4 and 15 transcripts upon which the court conceivably could have based its order. There was no evidence that there was violent or physically threatening conduct on the night of August 21, 2015, and there was no evidence that the defendant presented a threat of physical pain or injury to Jordan. "The plain language of § 46b-15 clearly requires a continuous threat of present physical pain or physical injury before a court can grant a domestic violence restraining order." *Krystyna W.* v. *Janusz W.*, 127 Conn. App. 586, 590, 14 A.3d 483 (2011). "[D]omestic violence restraining orders will not issue in the absence of the showing of a threat of violence, specifically a continuous threat of present physical pain or physical injury to the applicant." (Internal quotation marks omitted.) *Putman* v. *Kennedy*, 279 Conn. 162, 171, 900 A.2d 1256 (2006). "The legislature promulgated § 46b-15 to provide an expeditious means of relief for abuse victims. . . . It is not a statute to provide a remedy in every custody and visitation dispute, however urgent." (Citation omitted.) *Putman* v. *Kennedy*, 104 Conn. App. 20, 25–26, 932 A.2d 439 (2007). The defendant's behavior, although wrongfully and flagrantly in violation of the court's August 21, 2015 orders, and not to be condoned, does not satisfy the elements of § 46b-15. Accordingly, we conclude that the court improperly granted the restraining order against the defendant.

## II

With respect to the result of the September 4 and September 15, 2015 hearings, the defendant argues that "the imposition of a restraining order was an improper means of determining custody." He argues that the court committed harmful error in removing custody of Jordan from his biological parents and placing custody with Jordan's aunt, Eleanor M. The defendant's arguments seem to be based on the September 15 hearing.

The court, however, as it noted in its decision denying the defendant's motion for an articulation filed March 8, 2016, made no custody orders at that hearing.[7] The court noted at the outset of the September 4, 2015 hearing that it would hear the restraining order case first and then the custody case. At the conclusion of the September 15, 2015 hearing, the court stated: "I want the record to be clear that we have three restraining orders and a custody [case] as well." After addressing the restraining orders, the court then stated that, in the custody case, the defendant was seeking custody of Jordan, and "in the interest of the child and in the interest of both parties, I'm . . . going to have to begin a dialogue on evaluating both parties as to whether or not they are capable of parenting this child; one of them, both of them, both of them together, [or] either one, separately." The court noted that it would refer the matter to family relations for that purpose. A court date was set for September 29, and another court date later was scheduled to occur on October 27. It is unclear from the record what occurred in that respect following the September 29, 2015 hearing.[8] In its decision denying the motion for an articulation, the court indicated that there were difficulties regarding the parties' appearance at the hearings. Due to a lack of an adequate record, we are unable to review this claim; see Practice Book § 61-10; we also observe that there is no appeal in the custody case.[9]

The judgment granting the restraining order against the defendant is reversed and the case is remanded with direction to deny the application for a restraining order.

* In accordance with our policy of protecting the privacy interest of the applicant for a restraining order, we decline to identify the applicant or others through whom the applicant's identity may be ascertained.

** September 8, 2016, the date this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] Heather S. did not attend the hearing.

[2] It is unclear whether the trial court was deferring to the Probate Court regarding a resolution of the custody issue or ignoring the prior pending guardianship petition in Probate Court.

[3] The restraining orders as to Heather S. and Noel R. are not at issue in this appeal.

[4] We first consider whether the record is adequate for review. "An adequate record usually includes either a memorandum of decision or a transcript signed by the trial judge. Practice Book § 64-1. Also, the appellant is responsible for providing such to this court. *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998); Practice Book § 61-10." *In re Francisco R.*, 111 Conn. App. 529, 531, 959 A.2d 1079 (2008). The defendant did not provide this court with a memorandum of decision or a signed transcript, but did provide an unsigned transcript. "On occasion, we will entertain appellate review of an unsigned transcript when it sufficiently states the court's findings and conclusions." (Internal quotation marks omitted.) Id. In the context of this case, we conclude that the transcript provides an adequate record for review of the narrow issue presented.

[5] General Statutes (Rev. to 2015) § 46b-15 was amended by Nos. 16-34 and 16-105 of the 2016 Public Acts. Those amendments only altered subsection (a) by requiring the court to provide certain information to persons applying for relief.

[6] The defendant also contends that the court appears to have based the restraining order on his lack of employment. Because we agree with the defendant's argument that the elements of the statute were not satisfied, we need not address this issue.

[7] To the extent that the defendant is challenging the restraining order itself, the issue was resolved in the defendant's favor in part I of this opinion.

[8] The judgment file states that the orders were made permanent on October 27, 2015. No transcripts of further proceedings or court rulings explaining this aspect of the custody issue have been presented to us.

[9] We express no opinion as to any order regarding custody and visitation. A reasoned resolution of Jordan's situation cannot be reached in the context of this appeal.