******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KIMBERLY C. *v.* ANTHONY C.*
(AC 38991)

Alvord, Keller and Pellegrino, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court dissolving her marriage to the defendant and making certain custody orders. The plaintiff claimed that the trial court improperly awarded the parties joint legal custody of their minor child and improperly denied her motions for sexual behavior and substance abuse evaluations of the defendant. The plaintiff alleged that the defendant had physically, verbally and sexually abused her during the course of their marriage, and she had previously obtained a one year restraining order against the defendant per written agreement of the parties, pursuant to which the defendant did not admit to the allegations of the alleged abuse. Upon expiration of the first restraining order, the plaintiff filed a second application, which the trial court denied, finding that there was no continuous threat of present physical pain or physical injury. The trial court, however, during the proceedings on the second application, stated that it accepted as credible the testimony of the plaintiff that she was physically, verbally, and sexually abused by the defendant. During the dissolution proceedings, the plaintiff filed a motion in limine seeking, on the ground of collateral estoppel, to preclude the defendant from relitigating the court's findings in the second restraining order proceeding that he had abused the plaintiff, which the trial court denied. Following the dissolution trial, the trial court, in its memorandum of decision, found that neither party was a credible witness and made no finding that the defendant had abused the plaintiff. On appeal, the plaintiff claimed that under the doctrine of collateral estoppel, the trial court, in the dissolution proceeding, was bound by the facts found in the previous proceeding on the plaintiff's second restraining order application that the defendant was physically, verbally and sexually abusive to the plaintiff. *Held* that the trial court properly declined to apply the doctrine of collateral estoppel, as the issues involved in the dissolution action were neither actually litigated nor necessarily determined in the proceeding on the second restraining order application: in the proceeding on the second restraining order application, the court did not make any factual findings with regard to the alleged abuse but, rather, made only a credibility determination regarding the plaintiff, which was not necessary to its determination to deny the application, the issue to be determined in the second restraining order proceeding, namely, whether the plaintiff was exposed to a continuous threat of physical pain or injury, was not identical to the issues to be determined in the dissolution proceeding, which concerned whether the marriage was irretrievably broken down, alimony, child support, educational support, and the equitable division of the marital estate, and there was no indication that the issue of abuse had been necessarily determined in the second restraining order proceeding; moreover, the court's denial of the plaintiff's motions for sexual behavior evaluation and substance abuse evaluation for the defendant were discretionary in nature and entitled to deferential review, and the plaintiff failed to demonstrate that the court's rulings denying those motions relied on clearly erroneous factual findings or a misapprehension of the law, or that the court otherwise abused its discretion.

Argued December 12, 2017—officially released February 27, 2018

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Windham and tried to the court, *Graziani, J.*; judgment dissolving the marriage and granting certain other relief, from which the plaintiff appealed to this court. *Affirmed.*

*Joseph Rodowicz, Jr.*, for the appellant (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, Kimberly C., appeals from the judgment of the trial court dissolving her marriage to the defendant, Anthony C.[1] On appeal, the plaintiff claims that the court improperly (1) awarded the parties joint legal custody of their minor child by relitigating the issue of the occurrence of domestic violence between the parties when that issue had been determined in a prior proceeding and the court was bound by the finding on domestic violence in that proceeding by virtue of the doctrine of collateral estoppel, and (2) denied the plaintiff's motions for sexual behavior evaluation and substance abuse evaluation of the defendant. We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff and defendant were married in Connecticut on July 21, 2011. One minor child was born during the marriage. On November 27, 2013, the plaintiff filed an application for relief from abuse from the defendant pursuant to General Statutes § 46b-15 (first restraining order application).[2] That same day, the court, *Graziani, J.*, issued an ex parte restraining order effective until the court held a full hearing. On December 2, 2013, the plaintiff commenced the underlying dissolution action, citing the ground of irretrievable breakdown of the marriage, and seeking dissolution of her marriage to the defendant, equitable division of property and assets, alimony, child support, and sole custody of the parties' minor child. On December 11, 2013, the court, *Boland, J.*, issued a one year restraining order by written agreement of the parties; see General Statutes § 46b-66 (a);[3] which automatically expired on December 11, 2014. In that written agreement, the defendant agreed to the restraining order without admitting the truthfulness of the allegations contained in the plaintiff's application for relief from abuse. The agreement also permitted the defendant to have access to the parties' minor child.

On February 4, 2015, the plaintiff filed a second application for relief from abuse (second restraining order application). On February 17, 2015, the court, *dos Santos, J.*, conducted a hearing and heard testimony from the plaintiff about allegations of past abuse by the defendant. Although Judge dos Santos made a statement that he believed the plaintiff had been abused by the defendant, he nonetheless denied the application, concluding that the evidence was insufficient to find a "continuous threat of present physical pain or physical injury" required to issue a restraining order pursuant to § 46b-15. The plaintiff did not appeal that judgment.

On October 22, 2015, during the pendency of the dissolution action, the plaintiff filed a motion in limine seeking to preclude the defendant from relitigating find-

ings in the second restraining order application that he had physically, verbally, and sexually abused the plaintiff on the ground of collateral estoppel. Judge Graziani denied the plaintiff's motion in limine on November 18, 2015. A three day dissolution trial took place from December 9, 2015 through December 11, 2015. Both parties testified at trial. The plaintiff testified that the defendant had physically, verbally, and sexually abused her during the course of the marriage. The defendant denied all allegations of abuse. On February 23, 2016, the court issued its written memorandum of decision, in which it found that neither the plaintiff nor defendant were credible witnesses and made no finding that the defendant had abused the plaintiff. The court found both parties responsible for the breakdown of the marriage. It dissolved the marriage, distributed the marital assets, awarded joint legal custody of the minor child to the parties with the plaintiff having the primary residence of the child, and made orders of visitation which provided the defendant with detailed parenting time, including overnights. This appeal followed.

In connection with the plaintiff's first claim that the doctrine of collateral estoppel precluded the court from making findings of fact that were made in the previous proceeding on the plaintiff's second restraining order application, we begin by setting forth the applicable standard of review and legal principles. "Whether the court properly applied the doctrine of collateral estoppel is a question of law for which our review is plenary. . . . The fundamental principles underlying the doctrine are well established. Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was *actually litigated* and *necessarily determined* in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been *fully and fairly litigated in the first action*. It also must have been actually decided and the decision must have been necessary to the judgment. . . .

"An issue is *actually litigated* if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Cadle Co.* v. *Gabel*, 69 Conn. App. 279, 293–94, 794 A.2d 1029 (2002). "To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding. . . . In order for collateral estoppel to bar the relitigation of an issue in a later proceeding, the issue concerning which relitigation is sought to be estopped *must be identical* to the issue decided in the prior proceeding." (Citation omitted; emphasis in origi-

nal; internal quotation marks omitted.) *Kenneson* v. *Eggert*, 176 Conn. App. 296, 305, 170 A.3d 14 (2017).

The plaintiff argues on appeal that under the doctrine of collateral estoppel, the trial court in the dissolution action was bound by the facts found in the proceeding on the second restraining order application that the defendant was physically, verbally, and sexually abusive to the plaintiff. "To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding." (Internal quotation marks omitted.) *Marques* v. *Allstate Ins. Co.*, 140 Conn. App. 335, 340, 58 A.3d 393 (2013). We now turn to the facts that were found in the second restraining order proceeding to determine if collateral estoppel prohibits the relitigation of those facts.[4]

In the proceeding on the second restraining order application, Judge dos Santos did not make any factual findings with regard to the alleged abuse; instead, he made only credibility determinations regarding the plaintiff, stating: "The court accepts as credible the testimony of the [plaintiff] that she was physically, verbally, and sexually abused by her spouse. . . . I do believe your client about what happened to her sexually with her husband. . . . I cannot find based upon the evidence in its totality that the respondent stalked the applicant. I cannot find based upon the totality of the testimony that the respondent threatened the applicant. And I cannot find that this condition that existed at the time of the first . . . restraining order that this has continued. . . . [T]here's really no basis, no finding that this condition continues to exist . . . that this is a continuous threat of present physical pain or physical injury or that there's been stalking, or that there's been a pattern of threatening by the respondent. So on that basis, the court does deny the application." The court also did not make a finding that the plaintiff was being abused at the time of the hearing. Because the court denied the second restraining order application, finding no continuous threat to the plaintiff, we cannot hold that its credibility finding was necessarily determined, as the application could have been denied without the court determining that the plaintiff had been abused in the past.

Furthermore, there are significant differences between the issues to be determined in a proceeding on an application for a restraining order and the issues to be determined in a dissolution action. Pursuant to § 46b-15, "[d]omestic violence restraining orders will not issue in the absence of the showing of a threat of violence, specifically a continuous threat of present physical pain or physical injury to the applicant." (Internal quotation marks omitted.) *Jordan M.* v. *Darric M.*, 168 Conn. App. 314, 319, 146 A.3d 1041, cert. denied,

324 Conn. 902, 151 A.3d 1287 (2016). By contrast, "[t]he purpose of a dissolution action is to sever the marital relationship, to fix the rights of the parties with respect to alimony and child support . . . to divide the marital estate . . . and to consider custody issues." (Citation omitted; internal quotation marks omitted.) *Bouchard* v. *Sundberg*, 80 Conn. App. 180, 189, 834 A.2d 744 (2003); see also *Ireland* v. *Ireland*, 246 Conn. 413, 430, 717 A.2d 676 (1998) ("best interests of the child must always govern decisions involving custodial or visitation matters").

The only issue before Judge dos Santos in the proceeding on the second restraining order application was whether the plaintiff was exposed to a "continuous threat of physical pain or physical injury" by the defendant. The issues before Judge Graziani in the dissolution action, however, were whether the marriage was irretrievably broken down, alimony, child support, educational support, and the equitable division of the marital estate, as well as what orders of joint custody and visitation were in the best interests of the parties' minor child. Because the issue to be determined in the second restraining order proceeding, continuous threat of physical injury, was not identical to the issues to be determined in the dissolution proceeding, nor was there any indication that the issue of abuse had been necessarily determined in the second restraining order proceeding, collateral estoppel has no application. See, e.g., *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 261, 773 A.2d 300 (2001); see also *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 297, 596 A.2d 414 (1991). We conclude that the issues involved in the dissolution action were neither actually litigated nor necessarily determined in the proceeding on the second restraining order application, and, therefore, the court properly declined to apply the doctrine of collateral estoppel.

The plaintiff's second claim does not warrant significant discussion. The court's denial of the plaintiff's motions for sexual behavior evaluation and substance abuse evaluation for the defendant were discretionary in nature and are entitled to deferential review. See *Loughlin* v. *Loughlin*, 280 Conn. 632, 641, 910 A.2d 963 ("in . . . questions arising out of marital disputes, this court relies heavily on the exercise of sound discretion by the trial court" [internal quotation marks omitted]). The plaintiff has failed to demonstrate that these rulings relied on clearly erroneous factual findings, a misapprehension of the law, or that the court otherwise abused its discretion.

Having thoroughly reviewed the record and the arguments of the plaintiff, we conclude that the plaintiff has not met her burden of proving either of the claims raised on appeal.

The judgment is affirmed.

* In accordance with our policy of protecting the privacy interests of the victims of family violence, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] The defendant-appellee did not file a brief in this appeal. On June 2, 2017, this court ordered that the appeal be considered on the basis of the plaintiff-appellant's brief and the record only. Similarly, the Department of Social Services, Bureau of Child Support Enforcement, notified this court that it did not intend to file a brief in this appeal on April 7, 2017.

[2] General Statutes § 46b-15 (a) provides in relevant part: "Any family or household member . . . who has been subjected to a continuous threat of present physical pain or physical injury, stalking or a pattern of threatening . . . by another family or household member may make an application to the Superior Court for relief under this section."

[3] General Statutes § 46b-66 (a) provides in relevant part: "In any case under this chapter where the parties have submitted to the court an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children . . . the court shall . . . determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court . . . ."

[4] As noted previously, the plaintiff sought restraining orders against the defendant in two separate proceedings. No findings of fact were made in the first restraining order action, because Judge Boland merely adopted the agreement of the parties; see footnote 3 of this opinion; that allowed a restraining order to be issued without the defendant admitting the truthfulness of the allegations contained in the plaintiff's application.